M. C. KING, Trustee, &c., v. H. T. FARMER and others.

*Pleading—Joinder of several causes of Action.*

A complaint containing several causes of action, which constitute a series of transactions connected together and forming one course of dealing, is not demurrable; and where different causes of action are of the same character and between the same parties litigant, and the joinder thereof is convenient to them, the court will usually refuse to entertain an objection to the joinder.

(*Bedsole* v. *Monroe*, 5 Ire. Eq., 313; *Young* v. *Young*, 81 N. C., 91, cited and approved).

CIVIL ACTION tried upon complaint and demurrer at Fall Term, 1882, of HENDERSON Superior Court, before *Shepherd, J.*

The complaint alleges that the plaintiffs, Mitchel C. King, Andrew Johnstone, the defendant Farmer, and others, on the

29th day of September, 1847, formed and entered into an association, or joint stock company, for the purpose of establishing a hotel in the county of Henderson, and with that view to purchase a tract of land in said county, as a suitable site for said hotel, and for the convenience of the same; and that the said hotel when erected should be under the charge of the said Farmer, at a moderate rent, so long as may be agreed to by the shareholders in the said joint stock company, and that in the meantime he should have the privilege of buying the same from them on payment to them of their respective shares.

In pursuance of this agreement, the requisite amount was raised by subscription among them, to be held at $100 per share, in proportion to the amount subscribed and paid in by each. The tract of land in controversy was purchased, and a deed executed, by the agreement of said shareholders, to the plaintiffs, Mitchel C. King and Andrew Johnstone, in trust for the said shareholders, upon which a costly hotel was erected; and the defendant, Farmer, under the original agreement, took possession of the same, as lessee of the shareholders, and has continued to hold the possession thereof ever since, receiving the rents and profits and appropriating them to his own use.

That after the said lease, in pursuance of the provisions in the original agreement, to-wit: on or about the 15th day of October, 1853, the parties to said agreement and the defendant, Aikin, who was admitted as a shareholder in a meeting duly organized, the defendant, Farmer, being present and participating therein, contracted to sell the said property to Farmer at the price of $13,500 (less $1,608, the amount of subscriptions, advancements and expenditures theretofore made by Farmer), to be paid for in several installments within three years from date of sale, with interest from date, the title to be retained until the whole amount of the purchase money should be paid.

That Farmer paid the first installment of $3,000, and has paid various sums to different shareholders, or their assignees or representatives, and, as he alleges, has purchased the interest of

some of the shareholders, but there is still a very large amount of the purchase money and rents due from Farmer, which the plaintiffs are unable to ascertain.

That Andrew Johnstone, one of the shareholders and co-trustee with the plaintiff, is dead, and his legal and personal representatives are parties plaintiffs, and the defendants are the original shareholders, and the heirs and personal representatives of such of them as have died.

The prayer of the complaint is:

1. For an adjudication of the rights and interests of the parties, plaintiffs and defendants, in the premises.

2. That an account be taken of the amount of the purchase money yet due from the said Farmer, and to whom the same should be paid.

3. For an account of the value of the rents and profits of the land and premises while held by Farmer, as lessee, what amount thereof he may have paid, and to whom.

4. That Farmer may be adjudged to pay the balance due on the purchase money, when the same shall be ascertained, and for a distribution of the same according to the rights of the parties entitled to the same.

5. That, in the event it shall be found impossible to collect the balance of the purchase money from Farmer, the land and premises be sold, and the proceeds distributed.

6 and 7. That the trust be administered and closed, and the trustees discharged from further liability, and for further relief, &c.

The defendant, Farmer, demurred to the complaint, and assigned as causes:

1. That the other defendants, who were interested as shareholders, were improperly joined with him in respect of the action for a specific performance of the contract.

2. That there is a misjoinder of causes of action, in that the cause of action for a specific performance of the contract for the purchase of the land is united with a cause for the rents and profits of the same land, and also with a cause of action against

said Farmer and the other defendants, for a settlement of the affairs of the joint stock company between said Farmer and the other parties named in the complaint.

The demurrer was overruled and the defendants appealed.

*Mr. Armistead Jones*, for plaintiffs.
*Mr. J. H. Merrimon*, for defendants.

ASHE, J.  The first cause of demurrer assigned, is, to the misjoinder of parties, in that, some of the parties having a common interest with the plaintiffs in the several causes of action united in the complaint, are joined with the defendant, Farmer, in the cause of action for the purchase money, or specific performance.  If this were the only cause of action the objection would be tenable; but the several causes of actions are such as (will be hereinafter shown) may be and should be united, not only under the provisions of the Code, but according to the practice in former equity proceedings.

The complainants allege that the defendant, Farmer, has made payments to different members of the shareholders, but to whom, and what amounts, they have no means of ascertaining without an account; and they pray for a settlement of the trust and partnership concern, and for the distribution of whatever balance may be ascertained, which necessarily involves the taking of an account.

In these respects, the defendants joined with Farmer, as defendants, are given their proper position in the action.  Their interest to be sure is in common with the plaintiffs, but it is not concurrent, and so far as they may have received parts of the rents and purchase money, and are therefore liable to account, it is to some extent adverse.

As to the cause assigned for misjoinder of causes of action: Section 126 of the Code provides that the plaintiff may unite in the same complaint several causes of action, whether they be

4

such as have been heretofore denominated legal or equitable, or both, when they all arise out of the same transaction, or transactions connected with the same subject of action; and sub-division 7 of the section requires that the causes of action "must affect all the parties to the action."

It was evidently the purpose of the legislature, in enacting this section, to prevent a multiplication of actions, by uniting in the same action different causes of action, where they might be joined, without subjecting defendants to the trouble and expense of making different and distinct defences to the same action.

No general rule has been or can be adopted with regard to multifariousness. It is most usually a question of convenience, in deciding which, the courts consider the nature of the causes united, and if they are of so different and dissimilar a character as to put the defendants to great and useless expense, they will not permit them to be litigated in the same record; but where the different causes of action are of the same character and between the same parties, plaintiff and defendant, and none other, and no additional expense or trouble will be incurred by the joinder of the several causes, the courts in the exercise of a sound discretion, on the ground of convenience, usually refuse to entertain an objection to the joinder.

"The principle on this subject," says Judge STORY, "seems to be, that where there is a common liability and a common interest, a common liability on the defendants and a common interest in the plaintiffs, different claims to property, at least if the subjects are such as may without inconvenience be joined, may be united in the same suit." Story's Eq. Pleading, § 533.

In *Bedsole* v. *Monroe*, 5 Ired. Eq., 313, Chief-Justice RUFFIN announces the doctrine to be, that "if the grounds of the bill be not entirely distinct and wholly unconnected, if they arise out of one and the same transaction, or series of transactions, forming one course of dealing, and all tending to one end; if one unconnected story can be told of the whole, the objection cannot

apply"; and this principle was cited and approved in the more recent case of *Young* v. *Young*, 81 N. C., 91.

In our case the agreement between the parties to form a joint stock company to build a hotel—to purchase land for its site—the fact of purchase—the erection of the hotel—the lease first, and then the sale to Farmer—all constituted a series of transactions connected together, and forming one course of dealing. The plaintiffs and the defendants, other than Farmer, have a common interest in each and every cause of action, and there is a liability on the defendant, Farmer, to each of the other parties to the action for the balance of the purchase money and rents and profits, in proportion to their respective interests. These causes of action, according to the principles above announced, may be united; and if so, it follows as a legal corollary that the accounts, as prayed for in the complaint, must be taken to ascertain the balances and the amounts due to each of the parties.

There is no error. The demurrer is overruled and the cause remanded to the superior court of Henderson county, that it may be proceeded with according to law.

No error.                                Affirmed.