W. A. BENTON v. R. V. COLLINS, et al.

*Practice—Misjoinder of Actions—Tort—Equitable Relief.*

1. Under Section 267 (1) of *The Code*, which provides that several causes of action may be joined in the same complaint where they all arise out of the same transaction or transactions connected with the same subject of action, a cause of action for a tort may be joined with one for the enforcement of an equitable right; hence,

2. A complaint is not demurrable for misjoinder of independent causes of action, which seeks to recover damages for personal injuries and also to set aside a deed as fraudulent and to have the land sold to pay plaintiff's recovery. (FAIR-CLOTH, C. J., dissenting).

CIVIL ACTION, heard on complaint and demurrer before *Robinson, J.,* at January Term, 1896, of FRANKLIN Superior Court. The complaint was as follows:

" The plaintiff, complaining of the defendants herein, alleges :

" 1st. That on the 25th day of November, 1893, at and in the county of Nash, said State, the defendant, R. V. Collins, did forcibly, negligently, wilfully and maliciously shoot, beat, wound and ill-treat the plaintiff, W. A. Benton, to his damage fifteen hundred dollars.

" 2nd. That on the 26th day of September, 1894, the said Collins and wife, for the purpose of defrauding his creditors, and particularly for the purpose of hindering, delaying, defeating and defrauding this plaintiff of his damages for the cause stated above, executed the deed in trust.to S. E. Eure, which is hereto attached, marked ' A.'

" 3rd. That, as will be seen from said deed in trust, the beneficiaries or alleged creditors named therein are the wife and children of the said Ruffin Collins, and this plaintiff avers that said debts are feigned, and they knew of the fraudulent intent of R. V. Collins.

"4th. That the plaintiff in this action procured an order of arrest for the defendant, R. V. Collins, and the said Collins gave the undertaking required for his release in the sum of fifteen hundred dollars, with William Rich as surety; that in order to procure William Rich to become surety on said undertaking the said Mary J. Collins, her husband forcing her, so this plaintiff is informed and believes, executed to said William Rich a conveyance of any and all of her interests under the aforesaid deed in trust, to secure him against loss by paying any judgment which should be recovered against her husband."

"Wherefore this plaintiff demands judgment:

"1st. For fifteen hundred dollars damage, and the costs of this action against R. V. Collins.

"2nd. That the said deed in trust be set aside, and that after allotting the homestead of the defendant, the residue shall be sold to pay the plaintiff's recovery.

"3rd. That if the defendant shall not be entitled to this, then that the conveyance made of Mary J. Collins' interest under said deed to Wm. Rich shall be declared to be security for the plaintiff's recovery, and so applied.

"4th. For such other and further relief as this plaintiff may be entitled to."

The defendants, except Eure, Trustee, demurred to the complaint of the plaintiff filed herein, assigning as grounds:

"1st. That several causes of action have been improperly joined:

"(a). For that the plaintiff joins with a demand to recover unliquidated damages for a cause of action arising out of a tort, viz., an alleged assault and battery on plaintiff by the defendant, R. V. Collins, a demand to set aside, for alleged fraud, a deed executed by said R. V. Collins to his co-defendant, Eure, for the benefit of his other co-defendant.

" (*b*). For that, with the two causes of action already stated, the plaintiff joins another demand to be subrogated to the rights of the surety of the defendant R. V. Collins on the arrest and bail proceeding, or to have the alleged deed of indemnity to said surety by said Collins declared security for the plaintiffs' possible recovery against said defendant for the alleged assault and battery."

The demurrer was sustained with leave to amend complaint, and plaintiff appealed.

*Mr. C. M. Cooke*, for plaintiff (appellant).
*Mr. F. S. Spruill*, for defendants.

MONTGOMERY, J.: Subdivision I. of Section 267 of *The Code*, which provides for the joinder of several causes of action where they all arise out of " the same transaction, or transactions connected with the same subjects of action " in the same complaint, has with us given rise to very many difficulties in its practical application, as it has in all the States which have adopted a similar provision in their Codes of procedure. ASHE, J., in *Young* v. *Young*, 81 N. C., 91, said for the Court: " While it was the object of the Legislature by adopting Section 126 of the Code of Civil Procedure (*Code*, Sec. 267) to avoid a multiplicity of suits and prevent protracted and vexatious litigation, the first subdivision of the section has given rise to more unprofitable litigation and fine-spun disquisitions upon its construction than any other, not excepting Section 343 (*Code*, Sec. 590). In *Land Co.* v. *Beatty*, 69 N. C., 329, ROD-MAN, J., delivering the opinion of the Court, said in reference to the same subdivision, " It is difficult to give any exact meaning to that clause." It is admitted almost generally to be quite an impossibility to give a technical meaning to such words and phrases as " transaction," " transactions connected with the same subject of action," and the

like expressions. In the earlier cases of *Logan* v. *Wallace*, 76 N. C., 416, and *Doughty* v. *Railroad*, 78 N. C., 22, it was broadly stated that a cause of action founded on a *tort* could not be joined with one founded on contract; but in *Hodges* v. *Railroad*, 105 N. C., 170, this rule was explained and extended so as to permit such a joinder of actions, provided they arose out of the same transaction.

In considering the complaint in this action from the view of the demurrer as declaratory of two causes of action, it is to be observed that one of them is for a *tort* and the other is for an equitable demand and right. Neither of the causes of action in the complaint is *ex contractu*. The matter then of the uniting of causes of action, one in tort and one *ex contractu* in the same complaint, is not the matter which we are to consider. The only question before us is, are the two causes of action stated in the complaint such as can be considered as arising out of the same transaction, or transactions connected with the same subject of action. If they can be considered as arising out of the same transaction or transactions connected with the same subject of action, then there is no objection which could be made to the joinder of a tort and an equitable demand which could not of equal force be made to the joinder of an action *ex contractu* with one for an equitable demand. Taking this proposition to be true, we will find in one of our own decisions analogies that will aid us in determining the question before us. In *Bank* v. *Harris*, 84 N. C., 206, the complaint united a cause of action in debt on a bond with another to have declared void certain deeds for lands alleged to have been made by the debtor to his co-defendants, after the execution of the bond, in fraud of the plaintiff creditor—the cause of action *ex contractu* and one for an *equitable demand and relief*. A demurrer was filed assigning the following grounds: 1.

For that it is not averred that the defendant has not other property liable to execution and sufficient to pay the plaintiff's demand; 2. For that it appears from the face of the complaint that the debt has not been reduced to judgment, so that execution could issue the efor; 3. For that there is a misjoinder of distinct and independent causes of action; 4. For that there is a misjoinder of parties, and there is no community of interest among them in the several impeached assignments. The demurrer was overruled by this Court, and it was decided that it was not then necessary, as formerly, for the creditor to reduce his debt to judgment and then proceed with his legal remedies before he could invoke the aid of a court of equity in his behalf, but that the courts under the present system, being courts both of law and of equity, would give full relief in one action. The late Chief Justice SMITH, delivering the opinion, said: " Why should a plaintiff be compelled to sue for and recover his debt, and then to bring a new action to enforce payment out of his debtor's property in the very court that ordered the judgment? Why should not full relief be had in one action, when the same court is to be called on to afford it in the second? The policy of the new practice and one of its best features is to furnish a complete and final remedy for an aggrieved party in a single court and without needless delay or expense. The demurrer admits the debt, the insolvency of the debtor, his fraudulent contrivances, with the help of others, to place his property beyond the reach of creditors, and secure it for the enjoyment of himself and wife, his large indebtedness still subsisting, and by a fair implication the want of other property which a creditor can reach. These facts would seem to remove all obstacles in the way of the relief demanded."

In the case before the Court the defendants, except the

trustee, join in the demurrer. By the demurrer it is admitted that the defendant, R. V. Collins, committed a battery on the plaintiff by both beating and shooting him, for which the plaintiff in law is entitled to recover in any court nominal damages; that he made the fraudulent conveyance of his property for the benefit of his wife and children to defeat any recovery the plaintiff might make against him. It is no objection to the complaint that the defendants, other than R. V. Collins, are made parties to the action. They, by the deed made professedly for their benefit, claim an interest in the land. "If the objects of the suit are single and it happens that different persons have separate interests in distinct questions that arise out of the single object, it necessarily follows that such different persons must be brought before the court in order that the suit may conclude the whole subject." *Young* v. *Young*, 81 N. C., 91.

Nothing is asked against the defendants, other than R. V. Collins, in case the deed should be declared void. No property of theirs is sought to be reached, and only the property of the defendant R. V. Collins is sought to be subjected to any recovery the plaintiff may make. In this case, as in *Bank* v. *Harris, supra,* the aid of the court is invoked to remove a cloud upon a title by declaring the deed void, so that the property may be sold under the direction of the court, and bidders be induced to give the value for it. Both grounds of demurrer were sustained by the court below, and the plaintiff appealed from the judgment sustaining the first, and not from the judgment sustaining the second. In our opinion there was error in the ruling of the court sustaining the first ground of demurrer. The plaintiff no doubt will be allowed to amend his complaint so as to strike out that part in which the second ground of

demurrer was successfully interposed and to proceed to trial on the other counts.

FAIRCLOTH, C. J., dissents.