STATE on the relation of H. L. COOK, Assignee of A. & A. B. McIVER, v. JAMES B. SMITH, Sheriff, and others.

*Action Against Sheriff—Joinder of Causes of Action—Practice—Parties.*

1. Under Section 267 (1) of *The Code* all causes of action, of whatever nature, in favor of the plaintiff against the same defendants, can be united in one action when they arise out of the same transaction, or transactions connected with the same subject of action.

2. Causes of action against a sheriff and the sureties on his official bond for illegal levy and sale are properly joined with a cause of action against a person who directed or procured such levy and sale to be made and gave an indemnifying bond therefor.

3. Such action, since it embraced a cause of action against the surety on the sheriff's bond, was properly brought in the name of the State on the relation of the plaintiff.

CIVIL ACTION, heard on complaint and demurrer, before *Greene, J.,* at April Term, 1896, of CUMBERLAND Superior Court. The complaint was as follows:

"1st. That on the 20th day of May, 1891, A. McIver and A. B. McIver made, executed and delivered to the plaintiff and John S. McIver a deed of assignment whereby and wherein they conveyed to them in trust, and for the purposes therein mentioned, all the goods, wares and merchandise, property and effects, as fully described and set out in said deed, which was recorded in said county on the 20th day of May, 1891, in Book R, No 4, Pages 207-8-9 and 10, and which said deed is made a part of this complaint.

"2d. That the defendant, Jas. B. Smith, is now, and was at the times hereinafter mentioned, the sheriff of Cumberland county, having given bond and qualified as

such, with the defendant Walter Watson as surety, a copy of which said bond is hereto attached and made a part of this complaint.

"3d. That on the 23d day of May, 1891, the defendant, Frank W. Thornton, caused to be issued to the defendant, James B. Smith, sheriff, as aforesaid, executions against the property of the said A. McIver and A. B. McIver for the sum of $38 and $51, total $91; and notwithstanding the said James B. Smith, sheriff, had notice that the plaintiff claimed title to said goods, levied the said execution upon the property of the plaintiff, who has since become the sole assignee of A. and A. B. McIver, by order of the court, in violation of the plaintiff's rights unlawfully levied and unlawfully sold the said goods under said executions, as the property of said A. and A. B. McIver.

"4th. That the said defendant sheriff, in making the levy which the plaintiff alleges was unlawful, seized and took into his possession a large amount of goods of far greater value than the amount called for in the executions, to-wit: a large amount of goods such as groceries and other goods, an inventory of which has not been filed by the said sheriff, and a large amount of goods, such as liquors and other property at the Overbaugh house, the goods first mentioned being in the storehouse on Hay street, in Fayetteville, N. C., lately occupied by A. and A. B. McIver, the said levy being largely in excess of the amount called for by execution, and a great many of the same became injured and a number utterly ruined by being kept without air or ventilation while so in the custody of the defendant sheriff, to the great damage of the plaintiff, and that the value of the goods so levied upon

by the said sheriff was $3,000, and the amount called for in the execution under and by virtue of which the levy was made was $91 and costs $4.50.

" 5th. That the goods and effects so wrongfully levied upon were advertised and sold, the sale being advertised for the 6th day of June, Saturday, when the said sheriff, without sufficient notice and without cause, postponed the sale, notwithstanding the fact that the day advertised for the sale was the time when large numbers of bidders were attending and ready as well as desired to bid at the sale; but the sale was postponed to a time later, and the plaintiff avers that the goods brought less in consequence, and were kept thereby a longer time, in the heat of a closed store-house, thus adding to the plaintiff's loss and injury; that the first sale day as advertised was for Saturday the 6th day of June, 1891, when there were many people ready to attend the sale, and at the time to which it was postponed there were far less, as it was a less public day, and the plaintiff was greatly injured thereby.

" 6th. That, in pursuance of said unlawful levy, the said sheriff wrongfully sold the plaintiff's goods, after keeping them in possession for a long time, to wit: from the 23d of May until June 8, 1891; and finally, on the 8th day of June, 1891, he sold the same, which were of the actual value of $220, a sum far greater than the amount called for in the said executions, and thereafter returned said executions satisfied.

" 7th. That the actual value of said goods so levied upon by the said sheriff was $3,000, and the said F. W. Thornton, defendant herein, directed the said sheriff to sell the same without regard to the deed of assignment and the plaintiff's rights thereunder, and agreed to indemnify the said sheriff against any and all loss that might arise, or any damage that might ensue, from said

unlawful levy and sale, and did do so, as the plaintiff has been informed by the said sheriff, and after the said sale the said F. W. Thornton received proceeds thereof to his own use and benefit.

" 8th. That before the said sale the plaintiff forbid the said sheriff from selling the goods so levied upon, and notified him of his title thereto, and that since said sale he demanded the proceeds thereof, which the said sheriff disregarded, and has refused to pay over the proceeds thereof to the plaintiff or any part thereof.

9th. That by reason of the premises the plaintiff has been injured, and sustained loss to the amount of the value of the goods, to-wit, $210, and the actual value of the same, which were so levied upon and sold, to-wit, and the great damage to the goods which were not sold, but injured and totally ruined by the heat of confinement in the closed places while so in the sheriff's custody.

Therefore the plaintiff demands judgment for the sum of $210, the value of the goods sold, for the sum of five hundred and fifty dollars, the damages resulting from injury and loss of the goods from close confinement and the depreciation in prices resulting from the unnecessary postponement and lack of bidders which might have been had but for the sheriff's unlawful acts, and for the sum of five thousand dollars, the penalty of said bond, to be discharged upon the payment to the relator of the plaintiff of the sums above set forth, and for the cost of the action, and such other and further relief as the plaintiff's relator may be entitled to receive.

F. W. Thornton demurred to the complaint on the following grounds:

" 1st. That the complaint shows upon its face that it does not state facts sufficient to constitute a cause of action in this, that the complaint shows that plaintiff had

no contract with this defendant, and is not liable to the relator of the plaintiff on any bond or other paper as mentioned in Article 2 of the complaint.

" That there is a misjoinder of action in this, that there is joined an action of contract on a bond made, as alleged, by J. B. Smith, sheriff, and Walter Watson to the relator of the plaintiff, and an action of tort between H. L. Cook, assignee, and F. W. Thornton, the two causes of action being different rights and different interests."

His Honor sustained the demurrer and dismissed the action as to Thornton, and plaintiff appealed.

*Mr. W. E. Murchison,* for plaintiff (appellant).
*Mr. G. M. Rose,* for defendant Thornton.

CLARK, J.: The defendant Thornton having, as the demurrer admits *pro hac vice,* directed, caused and procured the sheriff wrongfully and illegally to seize and sell the goods of the plaintiff, said Thornton giving the sheriff an indemnifying bond to induce him to make the seizure and sale, and having received from the sheriff the proceeds of such illegal sale, is liable to the plaintiff. The sheriff is also liable for the same acts, and is properly joined with Thornton, since the liability " arises out of the same transaction " and is expressly provided for by *The Code,* Sec. 267 (1), and the joinder of the surety on the sheriff's bond is because of his general contract of suretyship for the official acts of the sheriff. The liability to the plaintiff by all the defendants is for the same act, performed by one party, (the sheriff,) by the procurement and direction of another, ( Thornton, ) the surety to the sheriff's bond being joined by virtue of his agreement, and just as he is joined in all actions against the sheriff for misfeasance and neglect in office. The cause of action " affects all parties to the action, " ( *Code,* Sec. 267, ) and the joinder was emi-

nently proper.  *Benton* v. *Collins*, 118 N. C., 196 ; *Pretz-felder* v. *Insurance Co.*, 116 N. C., 491 ; *Leduc* v. *Brandt*, 110 N. C., 289 ; *Heggie* v. *Hill*, 95 N. C., 303 ; *King* v. *Farmer*, 88 N. C., 22.  On account of the surety on the bond the action is on relation of the State but this is merely formal and of no import, the relator being the real party. *Warrenton* v. *Arrington*, 101 N. C., 109.  Always when the sheriff is sued for official liability, he is responsible personally, and his surety should be sued on the relation of the State, but it has never been held a defect to join them.

In the full discussion of this question at last term, in *Benton* v. *Collins*, *supra*, the authorities are reviewed, and it is pointed out that when the causes of action arise out of the same transaction they may be joined, though one should be for a *tort* and the other in contract, and such seems the manifest intent of Section 267 of *The Code*.  Suppose the demurrer for misjoinder were sustained, the Court could merely order the action divided into two, (*Code*, Sec. 272 ; *Pretzfelder* v. *Insurance Co.*, *supra*, ) and then on the trial of each of those actions the same witnesses would be introduced, the same transaction proved, and the same questions of liability would arise, thus doubling the time and expense of the litigation without any possible benefit to any one.  It is to prevent this very state of facts that *The Code*, Sec. 267, expressly provides that " the plaintiff may unite in the same complaint several causes of action, whether they be such as have been heretofore denominated legal or equitable, or both, when they arise out of (1) the same transaction or transactions connected with the same subject of action."

The principle that a cause of action *in tort* cannot be united with one in contract applies only where they arise out of different transactions, and is subordinate to the gen-

eral provision of *The Code* that all causes of action of whatever nature in favor of the plaintiff against the same defendants can be united when they arise out of the same transaction. In sustaining the demurrer there was error.

Error.