OYSTER v. MINING CO.

(Filed November 28, 1905).

*Pleadings—Misjoinder of Parties and Causes of Action—Parties.*

1. Where a complaint charges that the defendant, with the consent of a corporation, his co-defendant, converted the corporation and all of its assets to his own use and used and manipulated the corporation and its property for his own benefit and managed it recklessly and disposed of its property to defraud the stockholders, and one general object of the complaint is to recover property belonging to the plaintiff which the two defendants confederated to destroy, *held*, that a demurrer for misjoinder of parties and causes of action was properly overruled, it appearing that the two defendants are so intimately connected with the transactions that it would be almost impossible to investigate any of the grounds of complaint, unless both are made parties.

2. Where a general right is claimed, arising out of a series of transactions tending to one end, the plaintiff may join several causes of action against defendants who have distinct and separate interests, in order to a conclusion of the whole matter in one suit.

ACTION by Chas. C. Oyster against the Iola Mining Company and M. L. Jones, pending in the Superior Court of MONTGOMERY, and heard by consent at Dallas, by *Judge C. M. Cooke*, upon a demurrer. From a judgment overruling the demurrer, the defendants appealed.

*H. C. Niles, Adams, Jerome & Armfield* and *W. J. Adams* for the plaintiff.

*C. W. Tillett, Osborn, Maxwell & Keerans* and *E. E. Raper* for the defendants.

CLARK, C. J. This is an appeal from a judgment overruling a demurrer to the complaint. Briefly stated, the grounds of demurrer are: (1) Misjoinder of parties. (2) Misjoinder of causes of action. (3) Failure to state a cause of action against Iola Mining Co. (4) Failure to state a cause of action against M. L. Jones. These are the only defendants.

Without fully analyzing the complaint, it charges that the defendant Jones, with the consent of the defendant Mining Company and its manager, has wrongfully converted the entire corporation and all its assets to his own use, and has manipulated and used the corporation and its property for his own benefit exclusively; that as manager and with the consent of the corporation he has taken exclusive possession of the entire property of the corporation; that his management has been reckless and improvident; that he has disposed of the products of the mine for the deliberate purpose of defrauding the stockholders of the mining company, including the plaintiff, and preventing an enforcement of their rights.

One general object of the complaint is to recover property belonging to the plaintiff, which it is alleged that the two defendants confederated to destroy or place beyond the reach of the plaintiff. The 32,000 shares of stock mentioned in the first cause of action are alleged to have been wrongfully disposed of by the two defendants, and the proceeds divided between them. The 75,000 shares named in the second cause of action, it is alleged, were fraudulently declared forfeited, and were sold by both defendants and the proceeds applied in part to a debt of the corporation already paid. The fourth cause of action alleges that Jones concurred in this disposition of the property to defeat the second cause of action,

while the third clause, claiming $5,800 against the corporation is connected with the second by reason of the fact that $3,000 of the $5,800 went to the said corporation by reason of the fraudulent conversion of the stock mentioned in the second cause of action, and the allegation that Jones, with the consent of said company, has secreted and disposed of the property of the corporation to defeat the collection of the debt due the plaintiff. The complaint also asks for a receiver and injunction to protect the plaintiff's interest in the property and to secure the payment of such judgment as he may recover.

The two defendants are so intimately connected in these series of transactions that it would be almost impossible to investigate any of the grounds of complaint, and unravel the tangled skein, unless both defendants are made parties and have opportunity to be heard, and the whole series of transactions is gone into. Under the former system of procedure at common law, where everything was calculated for the production of a single issue, it was essential to exclude all parties and causes of action save one, if possible. The present procedure more nearly resembles the former equity practice. "Where a general right is claimed, arising out of a series of transactions tending to one end, the plaintiff may join several causes of action against defendants who have distinct and separate interests, in order to a conclusion of the whole matter in one suit." *Young v. Young,* 81 N. C., 92. This has been recently followed in *Fisher v. Trust Co.,* 138 N. C., 224, in which *Benton v. Collins,* 118 N. C., 196, and many other cases of similar purport are collected. Upon the allegations in the complaint, both defendants being called on to answer and having opportunity to defend, the whole matter can be inquired into and the rights of all the parties properly adjusted better and more readily than if the action were chopped up into many distinct and several actions.

No Error.

WALKER, J., concurring in result: The complaint is so drawn that it is difficult to determine with certainty whether or not there has really been a misjoinder, and while this question is to be decided in the first instance at least by the complaint itself, it may sometimes turn out that there has in fact been a misjoinder when it does not appear on the face of the pleading. In order to sustain the joinder of the causes of action in this case, it is necessary to give the allegations a very liberal construction under section 260 of The Code. If the object is to recover a debt due by the corporation for money borrowed from Mosser & Co., and to recover damages from Jones and the company for a wrongful conversion of the stock of Mosser & Co., and finally to charge them with mismanagement of the affairs of the company, and a tortious manipulation of its assets, for the purpose of defeating the recovery of the debt and of the damages for the conversion of the stock, the causes of action can be joined. *Benton v. Collins,* 118 N. C., 196. The objection to the pleading is that the plaintiff does not clearly and distinctly allege a joint liability of the company with Jones, though it was doubtless the intention of the pleader so to do. The confederacy between the two to defeat the plaintiff's rights is not set forth with that certainty and definiteness which The Code requires, but this defect should perhaps have been taken advantage of by motion and not by demurrer. Code, section 261. Again it appears, by implication at least, that the members of the firm of Mosser & Co. consented to the alleged wrongful acts of Jones, because it is alleged that the company consented, and they were stockholders, directors and the principal officers of the company, and there is no allegation that they protested against what was contemplated to be done and was afterwards actually done by Jones. Whether Mosser & Co., plaintiff's assignors, gave their consent to the alleged wrongful acts in such a way as to deprive them of any right now to complain of them, is a question I prefer to

decide when the facts are all before us, and not now upon the present meager statements of the complaint. There is ambiguity in the allegations of the complaint, but under the circumstances I do not feel justified in withholding my assent to the conclusion of the court, believing it better than the matter should be investigated when the facts will be shown with more clearness, and not seeing, at present, that any substantial right of the defendants is likely to be prejudiced thereby. The defendants, as has been said, could have had the allegations of the complaint made more definite and certain, in order "that the precise nature of the charge would be made apparent." Code, section 261. This was not done for some good reason, I have no doubt, and, in the absence of a more definite statement, construing the complaint liberally, as required by section 260, I concur in the decision for the reasons already assigned, though my assent is not unreservedly given to all that is said in the opinion of the court. Care should be taken that we do not give too loose an interpretation to section 260 of The Code with respect to misjoinders, and too free a hand to pleaders in such cases. That section was enacted to prevent multifariousness and confusion in the trial of causes, which should always be avoided in pleading, and parties, who may otherwise be prejudiced, are entitled to its strict enforcement. "The bill," says *Judge Story,* "should not be multifarious, for if it is so it is demurrable, and may be dismissed by the court of its own accord, even if not objected to by the defendant. By multifariousness in a bill is meant the improperly joining in one bill distinct and independent matters, and thereby confounding them; as, for example, the uniting in one bill of several matters, perfectly distinct and unconnected, against one defendant, or the demand of several matters of a distinct and independent nature against several defendants in the same bill. In the latter case the proceeding would be oppressive, because it would tend to load each defendant with an unnecessary burden of costs, by swelling the pleadings with the

statement of the several claims of the other defendants with which he has no connection. In the former case, the defendant would be compellable to unite, in his answer and defense, different matters wholly unconnected with each other, and thus the proofs applicable to each would be apt to be confounded with each other, and great delays would be occasioned by waiting for the proofs respecting one of the matters, when the others might be fully ripe for hearing. Indeed courts of equity, in cases of this sort, are anxious to preserve some analogy to the comparative simplicity of proceedings at the common law, and thus to prevent confusion in their own pleadings as well as in their own decrees." Story Eq. Pl., sec. 271. The principle thus stated applies to misjoinders under The Code, except as to the method of raising the objection.

CONNOR, J., concurs in the concurring opinion.