McGOWAN v. INSURANCE CO.

(Filed May 16, 1906).

*Insurance — Pleadings — Misjoinder of Causes.*

Where a complaint alleges that plaintiff had been induced to take out 15 policies on the lives of herself, her children and grandchildren by means of certain false and fraudulent representations made to her by the defendant's agents that they were ten year tontine policies; that after paying her weekly assessments for ten years, when she demanded performance it was refused, and she discovered that the policies did not mean what the defendant's agents had represented to her, a demurrer on the ground of misjoinder of causes of action should have been overruled.

ACTION by Mary A. McGowan against Life Insurance Co. of Virginia, heard by *Judge Henry R. Bryan* and a jury, at the March Term, 1906, of the Superior Court of MECKLENBURG. From a judgment sustaining the demurrer, the plaintiff appealed.

*Thos. W. Alexander* for the plaintiff.
*W. B. Rodman* and *Morrison & Whitlock* for the defendant.

CLARK, C. J. The plaintiff alleges that she, a widow with little education and scant means, had been induced to take out fifteen policies on the lives of herself, her children and grandchildren, by means of certain false and fraudulent representations made to her by the defendant's agents that they were ten year tontine policies; that after paying, faithfully, her weekly assessments for ten years out of her scanty earnings, when she demanded performance it was refused, and she discovered that the policies did not mean what the defendant's agents had represented to her, and she brings this action to recover the damages she has sustained.

The defendant demurred on the ground of misjoinder of causes of action. The demurrer should have been overruled. There are the same parties and one series of transactions, forming one course of dealing, and though the policies may have been taken out at different times and through different agents the complaint (whose allegations must be taken as true on a demurrer) set out one connected story. The same false representations, in behalf of the same defendant, are alleged as to all the policies. To divide up such an alleged wrong, as the plaintiff avers was committed on her by the defendant, into fifteen separate actions would needlessly consume the time of the courts in "threshing over the same straw" and would be a great imposition upon the plaintiff. The whole matter can better be disposed of in one action. If fifteen separate actions had been brought, they should have been consolidated and one trial had.

"All the causes of actions arose out of transactions connected with the same subject of action," Revisal, sec. 469, and hence were properly joined. *Solomon v. Bates,* 118 N. C., at p. 316. There, the same "subject of action" was the plaintiff's loss of his deposits. Here, it is the plaintiff's loss of her premiums, procured from her by a series of false representations, of the same purport and for the same end, made from time to time by the defendant's agents. The same process of reasoning which would divide this action into fifteen actions, one upon each policy, would further subdivide each of those into an action on each monthly payment on each policy.

The same matter has been recently discussed and the authorities reviewed. *Fisher v. Trust Co.,* 138 N. C., 224. Even if the false representations as to each policy constituted a separate cause of action, and were not part of the same connected series of dealings, on page 239 of that case it is said, quoting from *Judge Ashe* in *King v. Farmer,* 88 N. C., 22: "Where the different causes of action are of the same

character and between the same party, plaintiff and defendants, and no other, and no additional expense or trouble will be incurred by the joinder of the several causes, the courts, in the exercise of a sound discretion, on the ground of convenience, usually refuse to entertain an objection to the joinder."

The order sustaining the demurrer must be

Reversed.

WALKER, J., concurring in result: The transactions between the plaintiff and the defendant were separate and distinct from each other. There was not one and the same transaction or a series of transactions connected with the same subject of action. The case does not, therefore, fall within the provision of the first subdivision of section 469 of the Revisal, unless we are prepared to hold that all transactions between the same parties of whatever kind or description may be so classified, simply because the plaintiff may in the end have one judgment upon all his separate causes of action. If this be so, there was no use in adding the other six subdivisions. The forceful argument of Mr. Whitlock made it clear to me that subdivision 1 has no bearing upon the question. In this case, the causes of action are all of the same general description, and there is no reason why subdivision 1 should apply.

But my opinion is that the joinder of the several causes of action can be sustained under subdivision 3 of the same section, which authorizes the uniting of causes of action sounding in tort without regard to their number or to their nature, and, too, without regard to whether they arose out of the same transaction or transactions connected with the same subject of action. I do not think the case bears any resemblance to *Fisher v. Trust Co.,* 138 N. C., 244. In *Solomon v. Bates,* 118 N. C., 311, the several deposits made by the plaintiff, by the course of dealing with the bank, were of course finally merged into one, for the recovery of which, *in solido,* the suit

was brought. There were not therefore several causes of action, but there was only one cause of action, for the recovery of the single deposit, though the ground of recovery may have consisted both in a continuing, deceitful representation as to the condition of the bank, and mismanagement on the part of the directors. But even that decision could well be sustained under subdivision 3 of section 469, if the complaint should have been construed as embracing several distinct causes of action. The quotation, in the opinion of the court, from *King v. Farmer,* 88 N. C., 22, presents a case which falls within one of the last six subdivisions and not within subdivision 1.

CONNOR, J., concurs in the concurring opinion.