HAWK *v.* LUMBER CO.

## G. E. HAWK v. PINE LUMBER COMPANY.

(Filed 17 September, 1907).

**Pleadings—Procedure—Joinder of Action—Contract—Tort.**

> An action arising upon contract united in the same complaint
> with one arising in tort is not a misjoinder, and a demurrer
> thereto will not be sustained "where they arise out of the same
> transaction or are connected with the same subject of action."
> Revisal, sec. 467.

CIVIL ACTION, heard by *Neal, J.*, upon demurrer, at February Term, 1907, of CRAVEN Superior Court.

The plaintiff alleged in his complaint that the defendant owned a large tract of land in said county and employed him to log the same at $3 per 1,000 feet, there being 150,000,000 feet of timber on the land at the time. In order to cut and deliver the timber as required by the contract, it was necessary to lay a tramway, part of which was constructed by the plaintiff and the other part by the defendant, the plaintiff having agreed to furnish trucks and certain other equipment and supplies for carrying on the work, which he did, and the defendant having agreed to furnish other equipment and materials necessary for the said purpose, which it failed to do; that the defendant in other respects refused to perform its contract. While the plaintiff was engaged in the performance of his part of the contract, the defendant unlawfully seized and took possession of the tramway and converted to its own use certain property which the plaintiff had furnished and placed on the premises for the purpose of doing the work required of him by the contract, and thereby prevented him from performing the same. He prays judgment for $100,000 for the breach of the contract, for $3,470 for seizing the tramway, which was built by the plaintiff at his own expense, and for $2,174 for the conversion of the personal property, making in all $105,644. The defendant de-

murred for misjoinder, because the plaintiff had united a cause of action for unliquidated damages, which arose out of a contract, with one for the conversion of personal property, which arose out of a tort. The demurrer was overruled, and the defendant appealed.

*D. L. Ward* and *W. D. McIver* for plaintiff.
*W. W. Clark* and *Simmons, Ward & Allen* for defendant.

WALKER, J., after stating the case: It is true, as argued by the learned counsel for the defendant, that at common law the causes of action stated in the complaint could not have been joined. 23 Cyc., 392; *Logan v. Wallis,* 76 N. C., 416; *Doughty v. Railroad,* 78 N. C., 22. But this rule has been changed by the reformed procedure, and now any causes of action may be united "where they arise out of the same transaction or a transaction connected with the same subject of action." Whether they be for the breach of a contract and for a tort, or are legal or equitable, or both, will make no difference. Revisal, sec. 469. The courts have not attempted to state any general rule by which all cases may be tested under that statute, as it has been found impossible to do so. The language, no doubt, was chosen because of the very wide scope of its meaning, enabling the courts to construe it as will be found most convenient and best calculated to promote the ends of justice. 1 Enc. of Pl. and Pr., 185. Having no very definite principle to guide us, it is safer for courts to pass upon the question as each case is presented, except when it comes directly and clearly within some established precedent.

We think the causes of action were properly joined in this case, and that the Court was right in overruling the demurrer and requiring the defendant to answer. In *Hamlin v. Tucker,* 72 N. C., 502, the Court held that the plaintiff had properly united causes of action for harboring his wife, for

the conversion of personal property belonging to the plaintiff *jure mariti,* for inducing the wife to execute a deed for land to the defendant while so harbored, and for converting certain personal property, the subject of a marriage settlement. It would seem that the case just cited is more than a good precedent for the ruling of the Court in this one. The causes of action are not so nearly related to or connected with each other as are those in this case, the only difference being that in *Hamlin v. Tucker* they were legal and equitable, while here they are in contract and in tort, but this is merely a nominal distinction. By clear analogy, many cases sustain the ruling of the Court. *Young v. Young,* 81 N. C., 91; *King v. Farmer,* 88 N. C., 22; *Benton v. Collins,* 118 N. C., 196; *Cook v. Smith,* 119 N. C., 350; *Daniels v. Fowler,* 120 N. C., 14; *Fisher v. Trust Co.,* 138 N. C., 224; *Oyster v. Mining Co.,* 140 N. C., 135; *McGowan v. Insurance Co.,* 141 N. C., 367. The result of the decisions is, that, if the causes of action be not entirely distinct and unconnected, if they arise out of one and the same transaction, or a series of transactions forming one course of dealing, and all tending to one end, if one connected story can be told of the whole, the objection of multifariousness does not arise. *Young v. Young, supra; Bedsole v. Monroe,* 40 N. C., 313. But *Badger v. Benedict,* 1 Hilton (N. Y.), 414, seems to be directly in point. In that case there were separate causes of action arising out of the breach of a contract and injuries to property, the subject of the contract, which was in the possession of the plaintiff for the purpose of enabling her to perform it, and by the conversion of which she was prevented from doing so. The Court held that they were properly united under a statute of that State identical in language with ours, as they arose out of one and the same transaction. That decision is not a binding precedent with us, but it must be regarded as very persuasive authority. If the causes of action stated in the plaintiff's complaint in this case did not arise

DANIEL v. RAILROAD CO.

out of the same transaction—and we think they did—they surely are connected with the same subject of action. We do not see how the defendant can possibly be prejudiced in his defense by the joinder.

We conclude that the ruling of the Court was right. The defendant will be allowed to answer.

No Error.