### BESSIE W. RICKS v. JULIA H. WILSON et al.

(Filed 22 September, 1909.)

**1. Parties—Joinder of Husband—Demurrer.**

A demurrer will not be sustained for non-joinder of the husband in an action brought by the wife to declare certain trusts in her favor in a deed made by her deceased father.

**2. Parties — Order to Make Parties — Objections and Exceptions — Demurrer—Appeal and Error.**

When no exception is taken in the court below to an order making a defendant a party in his additional capacity as administrator, a demurrer that he was not made a party as administrator will not be considered on appeal.

**3. Suits—Causes of Action—One Cause.**

Plaintiff alleging that defendants destroyed a certain paper writing in which her deceased father appointed to her certain of his real and personal property under a parol trust in a deed he had theretofore made, sets out one cause of action.

**4. Superior Courts—Jurisdiction—Parol Trusts—Equity.**

When it is alleged that plaintiff's deceased father had created a parol trust under a deed in her favor in certain of his real and personal property, and that he had subsequently executed a paper writing declaring the trusts, which defendants had destroyed, the action is properly cognizable in the Superior Court, to enforce the trusts declared, whether the writing be a deed or a will, and it can give relief in its equity jurisdiction; and leave given the plaintiff to probate the paper as a deed, or will, under penalty of dismissal, is erroneous.

5. Parties—Severable Actions—Action Divided—Procedure.

When several causes of action are improperly joined, on a demurrer therefor, the judge should order the pending action divided accordingly, and not grant leave to plaintiff to bring separate actions under penalty of dismissal.

APPEAL from *Cooke, J.,* April Term, 1909, of PITT.

From the judgment of the court sustaining demurrer to complaint plaintiff appealed.

*Skinner & Whedbee* and *J. L. Fleming* for plaintiff.
*Moore & Long* and *Jarvis & Blow* for defendants.

CLARK, C. J.   The plaintiff is the daughter of R. J. Wilson, deceased, and the defendants are her mother and brother. The complaint alleges that R. J. Wilson purchased divers tracts of land, describing them, taking deed to himself; that he had purchased others, also describing them, to which he caused the title to be made to his wife in trust for himself; that another tract of land, duly described, he conveyed direct to his wife, but though in form a deed, it was in fact a mortgage to secure the sum of $600, which R. J. Wilson afterwards paid off (the dates of above conveyances are each given); that on 23 January, 1899, R. J. Wilson and wife, by deed, conveyed all the lands above described to the defendant Jesse P. Wilson in consideration of the nominal sum of $10, reserving a life interest to themselves; but the complaint avers that in truth the conveyance was to Jesse P. Wilson, in parol trust, to hold such lands, to be used and disposed of as the trustor, R. J. Wilson, might subsequently direct and appoint, and that Jesse P. Wilson accepted the conveyance upon such express trust to hold for future appointment by the trustor, R. J. Wilson; R. J. Wilson in the meantime remaining in sole control of all of said property and in sole receipt of all the rents and profits thereof; Julia H. Wilson and Jesse P. Wilson "acknowledging on all occasions that R. J. Wilson was the owner of the same and all the rents and profits thereof."

The complaint further alleges that subsequently R. J. Wilson executed a paper writing—whether a deed or will the plaintiff is not advised—whereby he executed the power of appointment under the trusts in the deed of 23 January, 1899, whereby he assigned and appointed for the plaintiff the McDuell land, and directed enough cash to be given her to make her share equal to the home place which, by the same instrument, was assigned to her brother, and at the same time an equal division was directed

RICKS *v.* WILSON.

to be made of all the stock, crop and provisions, money and notes on hand at his death between her brother and herself.

The complaint further avers that the two defendants, with the aid of an aunt, conspired to destroy and did destroy said paper writing or power of appointment, executory of the trusts under the deed of 23 January, 1899; that the defendants took possession of $10,000 in money (of which R. J. Wilson died in possession, and out of which he had directed enough be paid her to equalize her land with her brother) and all the lands, crops thereon and all the personal property left by her father, and refuse-to assign to plaintiff her share, as directed by the paper writing, aforesaid; that the defendant Julia H., who is administratrix of R. J. Wilson, has refused to inventory much of the personalty as assets, the defendants claiming to hold them individually. The complaint asks that the trusts under the deed of 23 January, 1909, be executed in accordance with the paper writing, aforesaid, and that the defendants pay her so much of the $10,000 to make equality and half of the other personalty, as therein provided.

The defendants demurred—

1. Because the plaintiff's husband was not made a party.

The court properly did not sustain that ground of demurrer. Revisal, sec. 407 (1); *Hart v. Cannon*, 133 N. C., 10.

2. Because Julia H. Wilson was not a party in her capacity as administratrix. As the judge ordered her made a party, and there is no exception, that point is not before us. But as no relief is sought against the estate, it is not clear that the administratrix is a necessary party. It was held not necessary in a very similar case. *Daniels v. Fowler,* 120 N. C., 16.

3. For misjoinder.

His Honor sustained this ground and erroneously ordered (*a*) that the plaintiff replead or amend, to confine her action to the realty; (*b*) that she have leave to bring a new action as to the personalty; (*c*) that she have leave to bring a new proceeding to probate the will; (*d*) that if she fail to avail herself of the leave to bring the two aforesaid new actions, this action shall be dismissed.

It is clear that the plaintiff sets out only one cause of action, to-wit, the enforcement of the alleged paper writing, which she alleges the defendants conspired to destroy and have destroyed, by the terms of which she alleges she was to have half of the personalty and the "McDuell" place and enough of the alleged $10,000 to make her share equal to the "home place." There is no reason for dividing the action into two—one for the personalty, with part of the $10,000, and another for the realty. Her

right to both would be proven by the same witnesses and the same writing, if at all, and the whole matter should be settled in one suit.

As to the second of the actions which she has leave to bring under penalty of dismissal, the plaintiff is not seeking to prove a will; she does not seem to know yet whether the alleged paper writing was a will or a deed. In this action she is not claiming under such paper writing *qua* deed or *qua* will, but she is seeking to prove that the deed of 23 January, 1899, was in trust for the purposes thereafter to be appointed, and that by a subsequent paper writing her father made such appointment directing the conveyance to her of a certain part of the realty with a part of a $10,000 fund and one-half of any other personalty he should leave. These matters she can prove only by this action in the Superior Court, with the aid of a jury to find the facts. "If a deed or will is destroyed or suppressed, a court of equity can give relief." 1 Perry Trusts (5th Ed.), sec. 183, and cases cited.

There is no need to order an independent action to probate the deed or will. Indeed, there was such instrument executed and willfully destroyed.

Indeed, if three actions were proper, the order should be to divide the pending action into three, and not to give leave to bring two new actions under penalty of dismissal of all action if the two new suits are not brought. Revisal, sec. 476. This is not a case of misjoinder of parties, for both defendants are necessary.

There is, as already said, only one cause of action. The grounds of complaint "arise out of the same series of transactions, all tending to one end, and one connected story can be told of the whole." *Ruffin, C. J.,* in *Bedsole v. Munroe,* 40 N. C., 313; cited and approved, *Young v. Young,* 81 N. C., 91; *King v. Farmer,* 88 N. C., 22; *Heggie v. Hill,* 95 N. C., 303.

In *Daniels v. Fowler,* 120 N. C., 17, it is said: "This is an action for the conversion of the entire estate of the ancestor of the infant plaintiff and to set aside sundry transactions, conveyances and judgments, by means of which the wrong has been done, in none of which frauds the ancestor participated. The demurrer was therefore properly overruled. Had it been sustained, the action would not have been dismissed, but divided into several, in the trial of each of which substantially the same evidence would have been admitted and the same propositions of law discussed, with great increase of costs and loss of time, with benefit to no one." To same effect, *Benton v. Collins,* 118 N. C., 196; *Cook v. Smith,* 119 N. C., 350; *Fisher v. Trust Co.,*

151—4

138 N. C., 224; *Williams v. Railroad,* 144 N. C., 502; *Hawk v. Lumber Co.,* 145 N. C., 48.

Whether or not there are other legal exceptions to the complaint which could have been presented by demurrer we have not considered. The sole point presented by this appeal is as to the alleged misjoinder and the correctness of the judgment giving leave to bring two new actions under compulsion of dismissal.

Reversed.