MRS. GLADYS PARKER COTTEN v. LAUREL PARK ESTATES, INC., CENTRAL BANK AND TRUST COMPANY, STANDARD MORTGAGE COMPANY, E. E. REID, YATES ARLEDGE, H. WALTER FULLER, AND A. O. GREYNOLDS.

(Filed 31 January, 1928.)

**Pleadings—Demurrer—Misjoinder of Parties and Causes.**

*Held,* in this case a cause of actionable fraud was alleged connecting all the parties with the grounds thereof, and is not demurrable for misjoinder of parties and causes of action.

APPEAL by defendants, Central Bank and Trust Company, Standard Mortgage Company, and E. E. Reid, from *Lyon, Emergency Judge,* at September Term, 1927, of MECKLENBURG. Affirmed.

*Carswell & Ervin and John M. Robinson for plaintiff.*

*Hunter M. Jones, Merrick, Barnard & Heazel and Tillett, Tillett & Kennedy for Central Bank and Trust Company and Standard Mortgage Company.*

*Kester Walton for E. E. Reid.*

PER CURIAM. The defendants demurred for misjoinder of causes of action and for misjoinder of parties, and appealed to the Supreme Court from the judgment overruling the demurrer.

The defendants argue, with persuasive but not convincing reasoning, that there is a misjoinder of causes of action and parties. That the complaint is bad for multifariousness; that the complaint contains inconsistent and contradictory causes of action. We cannot so interpret it. Taking the three causes of action, although inartificially set forth, as a whole—not disconnectedly—we think under a liberal construction, "with a view to substantial justice between the parties," it is one connected story—a common scheme, or plot, practically a conspiracy. The complaint alleges an actionable fraud of the most nefarious kind, connecting all of the defendants and charging, with particularity, all of them with full knowledge and complicity. The causes of action arise out of the same transaction or transaction connected with the same subject of action. All flow from the same source, all are woven together, yoked together, in a scheme, plot or conspiracy to defraud the plaintiff. "If the fountain is tainted, so likewise is the water that flows from it into all the streams." *Fisher v. Trust Co.,* 138 N. C., at p. 228. On a demurrer, the facts as stated in the complaint are taken as true. The entire matter can be settled by proper issues in one action. C. S., 456;

C. S., 507; C. S., 535; *Fisher v. Trust Co.*, 138 N. C., p. 224; *Robinson v. Williams*, 189 N. C., 256; *Wadford v. Davis*, 192 N. C., 484; *Killian v. Hanna*, 193 N. C., 17; *S. v. McCanless*, 193 N. C., 200. The judgment of the court below is
Affirmed.