BROCK BARKLEY, RECEIVER OF McCLUNG REALTY COMPANY, A CORPORA-
TION, J. W. McCLUNG, AND J. W. McCLUNG, JR., v. McCLUNG REALTY
COMPANY, A CORPORATION, J. W. McCLUNG AND HIS WIFE, MARY L.
McCLUNG, J. W. McCLUNG, JR., MINERVA H. McCLUNG, AND Mc-
CLUNG CORPORATION OF MIAMI, FLORIDA.

(Filed 28 April, 1937.)

1. **Pleadings §§ 2, 16—Complaint may join causes of action arising out of same transaction or series of transactions forming one course of dealing.**

   If the causes of action united in the same complaint are not entirely distinct and unconnected, if they arise out of one and the same trans-action, or a series of transactions forming one course of dealing, and all tending to one end, if one connected story can be told of the whole, the complaint is not multifarious, C. S., 507, and a demurrer thereto on the ground of misjoinder of causes should be overruled, C. S., 511 (5).

2. **Same—Actions against joint judgment debtors to set aside their respective deeds as fraudulent as to creditor, held properly joined.**

   In a suit against a corporation and its two principal stockholders, plain-tiff recovered judgment against defendants jointly. Pending the suit the corporation and the individual defendants executed, respectively, deeds to lands owned by them to a family controlled corporation and to another member of the family. Upon return of execution unsatisfied, a receiver was appointed for defendants in supplemental proceedings, who instituted this action against all three defendants to set aside their respective deeds as being without consideration and fraudulent to the judgment creditor. *Held:* Defendant's demurrer to the complaint on the ground of misjoinder in that the complaint stated three separate causes of action, was properly overruled, for although the complaint does not allege that the separate deeds were executed by the defendants, respectively, pursuant to a con-spiracy to hinder, delay, and defraud creditors, an inference to that effect is not only permissible but inescapable from the facts alleged.

APPEAL by defendants from *Cowper, Special Judge,* at December Term, 1936, of MECKLENBURG. Affirmed.

The facts alleged in the complaint are as follows:

1. On 22 February, 1936, in an action pending in the Superior Court of Mecklenburg County, entitled, "Mrs. A. D. N. Hunter, Trustee, *et al., v.* McClung Realty Company, a Corporation, J. W. McClung, and J. W.

McClung, Jr.," a judgment was rendered that the plaintiffs recover of the defendants the sum of $10,000, with interest and costs. The said judgment was duly docketed in the office of the clerk of the Superior Court of Mecklenburg County on 24 February, 1936. Thereafter an execution was duly issued on said judgment to the sheriff of Mecklenburg County. The said execution was returned wholly unsatisfied. In supplementary proceedings in execution which were duly instituted in said action, the plaintiff Brock Barkley was appointed by the court as receiver of the defendants, McClung Realty Company, a corporation, J. W. McClung, and J. W. McClung, Jr. The said receiver was authorized and directed by the court to institute this action. The action was accordingly begun on 3 September, 1936.

2. While the action entitled "Mrs. A. D. N. Hunter, Trustee, *et al., v.* McClung Realty Company, a Corporation, *et al.,*" was pending in the Superior Court of Mecklenburg County, to wit: On 18 February, 1936, the defendant McClung Realty Company executed two certain deeds by which it purported to convey to the defendant McClung Corporation of Miami, Florida, certain lots of land situate in Mecklenburg County, North Carolina, and fully described in said deeds, which were duly recorded in the office of the register of deeds of Mecklenburg County, on 20 February, 1936.

3. While the action entitled "Mrs. A. D. N. Hunter, Trustee, *et al., v.* McClung Realty Company, a Corporation, *et al.,*" was pending in the Superior Court of Mecklenburg County, to wit: On 18 February, 1936, the defendant J. W. McClung, Jr., executed a certain deed by which he purported to convey to the defendant McClung Corporation of Miami, Florida, certain lots of land situate in Mecklenburg County, North Carolina, and fully described in said deed, which was duly recorded in the office of the register of deeds of Mecklenburg County, on 20 February, 1936.

4. While the action entitled "Mrs. A. D. N. Hunter, Trustee, *et al., v.* McClung Realty Company, a Corporation, *et al.,*" was pending in the Superior Court of Mecklenburg County, to wit: On 13 February, 1936, the defendants J. W. McClung and his wife, Mary L. McClung, by their attorney in fact, J. W. McClung, Jr., executed a certain deed, by which they purported to convey to the defendant Minerva H. McClung, who is a daughter of the said J. W. McClung and his wife, Mary L. McClung, and a sister of the said J. W. McClung, Jr., certain lots of land situate in Mecklenburg County, North Carolina, and fully described in said deed, which was duly recorded in the office of the register of deeds of Mecklenburg County, on 20 February, 1936.

5. The defendant J. W. McClung is the president, the defendant J. W. McClung, Jr., is the secretary, and the defendant Minerva H. McClung

is the vice-president of the defendant McClung Realty Company, a corporation organized under the laws of the State of North Carolina, and of the defendant McClung Corporation of Miami, Florida, a corporation organized under the laws of the State of Florida. The capital stock of both said corporations is owned and both said corporations are controlled by the defendants J. W. McClung and J. W. McClung, Jr., and members of their family. The defendants J. W. McClung and J. W. McClung, Jr., are directors of both said corporations.

6. Each of the deeds hereinbefore described was executed by the grantor therein without consideration and for the purpose of hindering, delaying, and defrauding the plaintiffs in the action entitled "Mrs. A. D. N. Hunter, Trustee, *et al., v.* McClung Realty Company, a Corporation, *et al.*," as creditors of the said grantor.

On the foregoing facts alleged in his complaint, the plaintiff prays judgment that each of said deeds be set aside, and declared null and void, and that plaintiff have such other and further relief as he may be entitled to in the premises.

The defendants in apt time demurred to the complaint on the ground that on the facts alleged therein there is a defect of parties defendant, and a misjoinder of causes of action, in that plaintiff has joined at least three separate and distinct causes of action in his complaint.

At the hearing of the action, the demurrer was overruled, and the defendants and each of them appealed to the Supreme Court, assigning error in the order overruling the demurrer.

*F. A. McCleneghan and Stancill & Davis for plaintiff.*
*E. A. Hilker for defendants.*

CONNOR, J. It is provided by statute in this State that "the plaintiff may unite in the same complaint several causes of action, of legal or equitable nature, or both, when they all arise out of the same transaction, or transaction connected with the subject of the action." C. S., 507.

Construing the provisions of this statute, it has been uniformly held by this Court that if the causes of action united in the same complaint be not entirely distinct and unconnected, if they arise out of one and the same transaction, or a series of transactions forming one course of dealing, and all tending to one end, if one connected story can be told of the whole, the objection that there is a misjoinder of causes of action in the same complaint, although aptly made by demurrer to the complaint (C. S., 511 [5]), will not be sustained. In such case, the demurrer will be overruled. *Hood v. Love,* 203 N. C., 583, 166 S. E., 743; *Shaffer v. Bank,* 201 N. C., 415, 160 S. E., 481; *Trust Co. v. Peirce,* 195 N. C., 717, 143 S. E., 524; *Cotton Mills v. Maslin,* 195 N. C., 12,

141 S. E., 348. In the last cited case, it is said by *Brogden, J.:* "The rule for determining misjoinder of causes of action is thus stated by *Walker, J.,* in *Hawk v. Lumber Co.,* 145 N. C., p. 48: 'The result of the decisions is that, if the causes of action be not entirely distinct and unconnected, if they arise on one and the same transaction, or a series of transactions forming one course of dealing and all tending to one end, if one connected story can be told of the whole, the objection of multifariousness does not arise.' " The decisions of this Court ·cited by *Justice Walker* in support of the rule stated by him in *Hawk v. Lumber Co.,* 145 N. C., 48, 58 S. E., 603, are *McGowan v. Ins. Co.,* 141 N. C., 367, 54 S. E., 287; *Oyster v. Mining Co.,* 140 N. C., 135, 52 S. E., 198; *Fisher v. Trust Co.,* 138 N. C., 224, 50 S. E., 659; *Daniels v. Fowler,* 120 N. C., 14, 26 S. E., 635; *Cook v. Smith,* 119 N. C., 350, 25 S. E., 958; *Benton v. Collins,* 118 N. C., 196, 24 S. E., 122; *King v. Farmer,* 88 N. C., 22; and *Young v. Young,* 81 N. C., 91.

In the opinion in the last cited case, it is said by *Ashe, J.:*

"Before this section of the Code (now C. S., 507), was adopted, the doctrine of multifariousness was generally understood by the profession, and as the Code has in the main conformed to the equity practice, it may be well to look to those old landmarks for a guide through the mist that envelopes the subject.

"We find it held that if the grounds be not entirely distinct and unconnected; if they arise out of one and the same transactions or series of transactions, forming one course of dealing, and all tending to one end; if one connected story can be told of the whole, the objection of multifariousness does not arise. Story Eq. Pl., sec. 271; *Bedsole v. Monroe,* 40 N. C., 313. And if the objects of the suit are single, and it happens that different persons have separate interests in distinct questions which arise out of the single object, it necessarily follows that such different persons must be brought before the court in order that the suit may conclude the whole subject. *Salvidge v. Hyde,* 5 Mad. Ch. Rep., 138. The same doctrine was laid down by Chancellor Walworth in the case of *Boyd v. Hoyt,* 5 Paige, 78. And in the case of *Whaley v. Dawson,* 2 Sch. & Lef., 370, it was held that in English cases where demurrers, because the plaintiff demanded in his bill matters of distinct natures against several defendants not connected in interest have been overruled, there has been a general right in the plaintiff covering the whole case, although the rights of the defendants may have been distinct; and so it was held in the case of *Dimmick v. Vixby,* 20 Pick., 368, that where one general right is claimed by the plaintiff, although the defendants may have distinct and separate rights, the bill of complaint is not multifarious. All these cases were decided upon the principle of preventing a multiplicity of suits, which was the object of the 'clause' under consideration.

"Applying the principles enunciated in the cases cited to our case, we are of the opinion the causes of action in the complaint were properly united and the first ground of objection taken by the demurrer cannot be sustained."

It is not specifically alleged in the complaint in this action that the defendants entered into a conspiracy to hinder, delay, and defraud their creditors, and that the deeds which the plaintiff seeks to have set aside and declared null and void for that reason, were executed pursuant to such conspiracy. However, an inference to that effect is permissible. Indeed, such inference from the facts alleged in the complaint is inescapable. In *Trust Co. v. Peirce,* 195 N. C., 717, 143 S. E., 524, it is said in the opinion by *Stacy, C. J.:*

"The one circumstance which differentiates this case from those cited by the defendants, especially *Emerson v. Gaither,* 103 Ind., 564, 7 Am. Cas., 1114, most nearly in point and upon which great reliance is put, is the allegation of a general course of dealing and systematic policy of wrongdoings, concealment, and mismanagement, virtually amounting to a conspiracy, in which the defendants are all charged with having participated at different times and in varying degrees. *Cotton v. Laurel Park Estates,* 195 N. C., 848, 141 S. E., 339. A connected story is told and a complete picture is painted of a series of transactions, forming one general scheme, and tending to a single end. This saves the pleading from the challenge of the demurrers."

There is no error in the order overruling the demurrer in this action. It is

Affirmed.