MACK-INTERNATIONAL MOTOR TRUCK CORPORATION v. WACHOVIA BANK AND TRUST COMPANY, EXECUTOR OF THE ESTATE OF J. H. REED, DECEASED (ORIGINAL DEFENDANT), AND E. H. REED AND NORTHERN INSURANCE COMPANY OF NEW YORK (ADDITIONAL DEFENDANTS).

(Filed 2 July, 1930.)

**Parties B b—All parties necessary to final and conclusive judgment may be brought in by order of court.**

Under our Code procedure the pleadings are to be liberally construed, and all necessary and proper parties having a community of interest in the subject-matter of the litigation may be brought in as parties by order of court when reasonably apparent that such is necessary to a final and conclusive judgment, and in this case *held*, the demurrer of a party thus brought in was properly overruled. C. S., 456, 460.

APPEAL by defendant, Northern Insurance Company of New York, from *Johnson, Special Judge,* at Special November Term, of BUNCOMBE. Affirmed.

*J. W. Haynes for plaintiff.*
*Kitchin & Kitchin and Bourne, Parker & Jones for Wachovia Bank & Trust Company, Executor of J. H. Reed, deceased, and E. H. Reed.*
*Bernard, Williams & Wright for Northern Insurance Company of New York.*

CLARKSON, J. We do not think it necessary to set forth the pleadings. The record contains 32 pages. The Northern Insurance Company of New York, was by order of the court below made a party defendant. Plaintiff filed its complaint. Defendants answered and also set up a further defense and counterclaim. Plaintiff replied and amended its complaint setting forth certain facts and alleged that the Northern Insurance Company of New York, was a proper and necessary party "to this action to the end that there may be a final determination of all matters in controversy between the respective parties in interest." By order of the court, the Northern Insurance Company of New York, was made a party defendant. It demurred—the demurrer was overruled—it excepted, assigned error and appealed to this Court. We think the ruling of the court below should be sustained. From a careful reading of the pleadings we think that the Northern Insurance Company of New York, was a necessary party to the action. Let us cite some statutes dealing with the subject:

C. S., 456: "Any person may be made a defendant who has, or claims, an interest in the controversy adverse to the plaintiff, *or who is* a neces-

sary party to a complete determination or settlement of the questions involved," etc.

C. S., 460: "The court either between the terms, or at a regular term, according to the nature of the controversy, may determine any controversy before it, when it can be done without prejudice to the right of others, *but when a complete determination of the controversy cannot be made without the presence of other parties, the court must cause them to be brought in,"* etc.

C. S., 507: "The plaintiff may unite in the same complaint several causes of action, of legal or equitable nature, or both, where they all arise out of—(1) *The same transaction, or transaction connected with the same subject of action,"* etc.

In *Wadford v. Davis,* 192 N. C., at p. 489, speaking to the subject: "30 Cyc., p. 127, says: *'Under American Codes.* In other cases, however, and notably in recent cases, these enactments have been interpreted as permitting a very full joinder of defendants. This tendency is especially marked in actions seeking equitable relief. The provisions of The Code, it is declared, adopted the rule of equity joinder in its most liberal form. A community of interest among defendants is necessary, but it is community of interest in something wider than a precise 'subject of action' between plaintiff and each defendant—it is a community of interest 'in the controversy.' There is a noticeable tendency under The Code, as in equity pleading, to treat the rule, not as an inflexible rule of practice or procedure, but as a rule founded in general convenience, which rests upon a consideration of what will best promote the administration of justice without multiplying unnecessary litigation on the one hand or drawing suitors into needless and unnecessary expenses on the other.' *Oyster v. Mining Co.,* 140 N. C., 135."

In *S. v. McCanless,* 193 N. C., at p. 206, we find: "Under our Code the restrictions or joinder have been relieved somewhat by a liberal interpretation of the 'same transaction.' The modern decisions tend to freedom of joinder, and elementary restrictions on joinder of actions in both complaints and counterclaims."

In *Shemwell v. Lethco,* 198 N. C., at p. 348, it is said: "Under our Code of Civil Procedure, we have universally held that in construing pleadings for the purpose of determining its effect, its allegations are liberally construed with a view to substantial justice between the parties. This does not mean that injustice should be done to others by improper joinder of parties and causes of action. We should maintain a liberal but orderly system of practice and procedure, a jungle system would work injustice and sooner or later our practice and procedure would be a tangled web and maze. C. S., 535. *Clendenin v. Turner,* 96 N. C., 421." The judgment below is

Affirmed.