LUCIAN GUSTAVEUS BRIDGEMAN v. THE PILOT LIFE
INSURANCE COMPANY.

(Filed 23 October, 1929.)

1. **Insurance I b—Defense of false representations affecting validity of policy cannot be maintained under facts of this case.**

    Where in an application for a policy of accident insurance the plaintiff answered no to the question as to impairment of sight, and the jury has found that he had answered truthfully under the evidence tending to show that he had at one time an injury to his eye, but that it was cured at the time of the application: *Held*, the defense that the answer was incorrect and was a false representation affecting the validity of the policy, cannot be maintained.

2. **Pleadings A c—Trial court has power to allow amendment to pleadings which do not substantially change cause of action.**

    The judge of the Superior Court has plenary power to permit amendments to the pleadings when the amendment does not substantially change the cause of action originally alleged or set up a new cause of action. C. S., 547, 549.

**3. Appeal and Error J e—Error, if any, in admission of certain testimony was cured by admissions to same effect.**

Where questions eliciting evidence objected to are covered by admissions of the objecting party, the admission of such evidence, if erroneous, is harmless and not prejudicial.

APPEAL by defendant from *Cranmer, J.,* and a jury, at May Term, 1929, of ROBESON. No error.

The issues submitted to the jury and their answers thereto were as follows:

"1. Did the plaintiff represent, in his application for the accident policy now sued on, that he had no impairment of sight? Answer: Yes.

2. Was said representation true? Answer: Yes.

3. What sum, if any, is plaintiff entitled to recover? Answer: $833.

The first issue was answered by consent, and the third issue was answered by consent following the verdict of the jury on the second issue."

*Britt & Britt for plaintiff.*

*Varser, Lawrence, Proctor & McIntyre for defendant.*

PER CURIAM. The plaintiff brought this action against the defendant on an accident policy, taken out in defendant's company on 17 August, 1928, and in force at the time of the accident. The conditions of the policy were complied with and proof of the accident furnished the defendant. Among the various injuries which the policy provides for is payment for the accidental loss of an eye. The only question around which the controversy waged was the second issue: "Was said representation true?" The jury answered this issue in favor of the plaintiff. The defendant set up fraud to vitiate the policy. In the application that plaintiff made for the policy, was the following: *"Have you any* deformities, amputations, *impairment of sight* or hearing *or have you ever had* fits, epilepsy, attacks of unconsciousness, or any nervous trouble?" To this question the plaintiff answered "No." The contention of the defendant was that this was false—the "question was incorrectly, falsely and fraudulently answered" and that "said condition materially affected the insurability of plaintiff." That the plaintiff had theretofore suffered a serious injury to his right eye and it was practically destroyed, and the accident was to the same eye for which this action was brought. Plaintiff contended that in an automobile accident on 14 October, 1928, this right eye was so seriously injured that he had to have it removed from the socket and has lost the sight of this eye. In reply to the allegation of fraud, the plaintiff, after setting up other defenses not material on this record to be considered, denied "that the questions as answered were false and fraudulent, and especially denied that he made

any incorrect statements or answers to the questions." It may. be noted that the language of the policy was, "Have you any . . . impairment of sight," not "have you ever had."

Without objection plaintiff testified "The·complete ball of the eye was removed from the socket. This eye was *absolutely all right* prior to the time that I had the accident the 14th of September (October). I could see out of the eye and read anything I wanted to. I do not wear glasses." Plaintiff testified that this eye was previously injured, on 19 July, 1927, by an ale bottle "Nehi" bursting and the top striking him in the eye "cutting a little skin on the lid just below the eye lash and striking the ball of the eye." The plaintiff further testified, without objection, that he employed a physician to treat it. "I finally got *absolutely well* from the treatment. That was in 1927. I never have worn a pair of glasses. . . . At that time I was tested as to whether I could see out of that eye by Mr. Badger (referring to Badger McLeod, agent, who wrote the insurance for defendant company). He closed this eye (indicating good eye) and pointed out calendars and pencils and other things he had in the office to examine my eye with, and I was able to read out of that eye absolutely; there was no impairment that I know of."

We do not think that under our liberal practice that there was such a departure in the pleadings and evidence that there was any error in this respect in the trial in the court below. The court below had plenary power to amend the pleadings in so far as it did not change the cause of action and allege substantially a new cause of action without consent. C. S., 547, 549. *Lefler v. Lane,* 170 N. C., 181; *Goins v. Sargent,* 196 N. C., at p. 481. Taking into consideration the evidence unobjected to and that which was objected to bearing on the same subject, if any error was committed, it was not prejudicial. The evidence taken as a whole, we think, complied with C. S., 564.

From a careful perusal of the case, it appears to us that it was mainly a question of fact. That fact was decided by the jury in favor of plaintiff. On the whole record, we find no prejudicial or reversible error.

No error.