J. A. MINNIS, ADMINISTRATOR OF C. H. SHARPE, DECEASED, V.
W. E. SHARPE ET AL.,
AND
R. L. SELF v. W. E. SHARPE ET AL.,
AND
MRS. C. T. M. CLAPP ET AL. v. W. E. SHARPE ET AL.,
AND
MISS ALMA GARRISON v. W. E. SHARPE ET AL.

(Filed 19 February, 1930.)

1. **Corporations C c—Where directors should have discovered fraud of officer of corporation they are liable to persons defrauded.**

   Where the president of a real estate corporation fraudulently converts the funds of its customers to the use of the corporation over a long period of time, and the directors know of, or should have discovered such fraud on the part of their officer by the exercise of reasonable diligence in the performance of their duties, an action will lie by the persons thus defrauded against the directors.

2. **Corporations H a—Cause of action against directors by persons defrauded by officer of corporation does not pass to corporation's receiver.**

   Where the directors of a corporation are directly liable to third persons dealing with it arising from the defalcation or mismanagement of its officers, it is not a cause of action arising only to the corporation that passes to the receiver upon its insolvency, requiring the permission of the court to maintain it.

APPEAL by defendants from *Cranmer, J.,* at Hillsboro, N. C., 19 August, 1929. From ALAMANCE. Affirmed.

These were civil actions instituted in Alamance County and were consolidated for the purpose of hearing the demurrers to the complaints.

The allegations of the complaints of the other plaintiffs against the defendants are practically the same (and some additional charges) as the complaint in J. A. Minnis, administrator of C. H. Sharpe. The demurrers filed by defendants were the same as in the J. A. Minnis, administrator, action. W. E. Sharpe, Sallie Sharpe and the trustees served with summons, filed no demurrers.

The court below rendered the following judgment:

"These causes consolidated for the purpose of hearing the demurrers to the complaints and coming on to be heard before the Hon. E. H. Cranmer, judge holding courts of the Tenth Judicial District, at Hillsboro, N. C., on 19 August, 1929, and being heard:

It is ordered that the demurrer to each and every of said causes be, and it is hereby overruled and the defendants are hereby allowed thirty days in which to answer."

The defendants assign as error the action of the court in overruling the demurrers and signing the judgment or order set out in the record, and appealed to the Supreme Court.

*Cooper A. Hall and Shuping & Hampton for plaintiffs.*
*M. C. Terrell, H. J. Rhodes, F. P. Hobgood and Brooks, Parker, Smith & Wharton for defendants.*

CLARKSON, J.  The allegations of the complaint are to the effect that W. E. Sharpe was for ten or fifteen years vice-president, director and general manager of the Alamance Insurance and Real Estate Company, a corporation.  The said corporation was engaged in buying and selling real estate, issuing and selling bonds, negotiating loans upon property owned by others, acting as trustee in deeds of trust and collecting money to be paid upon bonds of individuals; that Sharpe pursued a systematic course of dealing with plaintiff's intestate and the other plaintiffs, in collecting money from them to be applied on mortgages and deeds of trust, and misapplied and misappropriated their funds for the use of said corporation.  That actionable fraud in other particulars are sufficiently pleaded and charged against W. E. Sharpe.  That the corporation became insolvent and in December, 1928, was placed in the hands of a receiver by United States District Court for the middle district of North Carolina, for the purpose of liquidating its affairs.  That the directors were elected annually and that Kirk Holt was elected president and director.  He is dead and Maude G. Holt, defendant, has duly qualified and is acting executrix of his estate; that defendants Kirk Holt was president and director, J. L. Scott and John M. Fix were directors, at the time that the wrongs that plaintiffs complain of were perpetrated; that they elected W. E. Sharpe annually to the position stated and gave him entire management of the assets and properties of the corporation.  He had entire supervision and management during a period of ten or fifteen years and during that period was pursuing a systematic method of cheating, defrauding and pursuing all fraudulent methods known to the ingenuity of man in the name of the corporation; that some $300,000 was misapplied and misappropriated by Sharpe during the time mentioned belonging to hordes of individuals.

It is charged (1) That during the period above mentioned, W. E. Sharpe was elected annually as vice-president, director and general manager by the above-named directors; (2) that they well knew, or could have known by ordinary care and diligence, that said Sharpe was pursuing the policy above set forth; (3) that they exercised no supervision, made no examination and instituted no inquiry into the affairs of the corporation; that they failed to devote ordinary skill and diligence in

the management of the business, did not familiarize themselves with the business, but entrusted the whole management to Sharpe; that they negligently and recklessly delegated the business, management and control of the corporation to said Sharpe, who by his fraudulent schemes and negligent and wasteful mismanagement of the corporation wrecked same, causing plaintiff's intestate the loss and damage set forth. (4) That the defendant directors utterly neglected and failed to perform the duties incumbent upon them by the by-laws to have an audit of the affairs of the corporation and otherwise grossly neglected to attend to the affairs of the corporation. (5) That the defendants directors had knowledge of or could have easily ascertained the fraud and embezzlement of said Sharpe, before mentioned, by the exercise of ordinary care and prudence in examining the books and assets of the corporation. (6) That they failed and grossly neglected to exercise ordinary care and prudence in the performance of their official duties and in selecting the managing officer of the corporation; that by reason of such neglect, inattention and wilful abuse of their trust, as before stated, and as proximate result, plaintiff's intestate has suffered loss—alleging the amount and praying for judgment.

The defendants' demurrers as to the allegations and lack of allegations in the various complaints, are to the effect: (1) That there is no allegation that any of the defendants personally received any of the funds paid and that plaintiffs have or will sustain any loss. (2) That plaintiffs will not be paid in full out of the assets of the corporation. (3) That the receiver of the Alamance Insurance and Real Estate Company are not only proper but necessary parties, and there is no allegation that application has been made to U. S. District Court for permission to sue said corporation or the receiver thereof. (4) That plaintiffs have filed their claims with the receiver; that same have been disallowed or that they will not be paid in full.

"A demurrer goes to the heart of a pleading and challenges the right of the pleader to maintain his position in any view of the matter, admitting, for the purpose, the truth of the allegations of fact contained therein. *Meyer v. Fenner,* 196 N. C., 476; *Wood v. Kincaid,* 144 N. C., 393, 57 S. E., 4." *Glass Co. v. Hotel Corp.,* 197 N. C., at p. 12; *S. v. Trust Co.,* 192 N. C., at p. 247.

We think the court below was correct in overruling the demurrers of the defendants. This action involves the liability of officers, viz., the president and director; vice-president, director and general manager; and other directors of the Alamance Insurance and Real Estate Company, a corporation, to third persons, the plaintiffs, for torts. W. E. Sharpe, the vice-president, director and general manager, did not demur.

The question arises in this action as to the liability of corporate officers to third persons for damages resulting to said persons from torts committed by or participated in by the corporate officers, or where the corporate officers were grossly negligent of their duties and management. Torts of the corporation and its officers as causing a direct or peculiar loss to third persons. Where third persons are injured by a wrong done by the corporation, the corporation can act only by officers or agents, hence third persons should be entitled to recover from the officers or agents who are wrongdoers.

Fletcher Cyc. Corp., Vol. 4, p. 3771, part sec. 2535, speaking to the subject, says: "It is thoroughly well settled that a man is personally liable for all torts committed by him, consisting in misfeasance—as fraud, conversion, acts done negligently, etc.—notwithstanding he may have acted as the agent or under directions of another. And this is true to the full extent as to torts committed by the officers or agents of a corporation in the management of its affairs. The fact that the circumstances are such as to render the corporation liable is altogether immaterial. The person injured may hold either liable, and generally he may hold both as joint *tort-feasors*. Corporate officers are liable for their torts, although committed when acting officially. They are liable for their torts regardless of whether the corporation is liable. . . . (p. 3772). It is no defense to such an action that the corporation is in the hands of a receiver and that hence the receiver should sue, since the cause of action is not one which passes to a receiver." *Houston v. Thornton,* 122 N. C., 365; *Russell v. Boone,* 188 N. C., 830. Part section 2536, Fletcher, *supra,* at p. 3773: "To make an officer of a corporation liable for the negligence of the corporation there must have been upon his part such a breach of duty as contributed to, or helped to bring about, the injury; that is to say, he must be a participant in the wrongful act. Some knowledge and participation, actual or implied, must be brought home to him." Section 2540, p. 3777: "A general manager is liable for wilfully applying private funds, in the hands of the corporation, to the debts of the corporation. So knowingly permitting funds belonging to another to be appropriated to the use of the corporation, makes the directors personally liable. And directors are liable for the misapplication of funds held in trust by the corporation, where they knew, or ought to have known, thereof. So a director of a business corporation who presumably had knowledge that it was receiving deposits of money for safe-keeping, and that it was being misappropriated, is personally liable where he acquiesced therein. Directors who mingle money collected for another with the funds of the corporation, in violation of the instructions of the owner, or who knowingly permit their subordinates to do so, whereby the fund is lost, are personally liable therefor." *Virginia-Carolina Chemical Co. v. Floyd,* 158 N. C., 455.

In *Caldwell v. Bates,* 118 N. C., at p. 325, we find: "That the directors are liable for gross neglect of their duties, and mismanagement—though not for errors of judgment made in good faith—as well as for fraud and deceit."

The following observations are made in *Anthony v. Jeffress,* 172 N. C., at p. 379: "It is immaterial whether the defendants were cognizant of the insolvent condition of the company or not. The law charges them with actual knowledge of its financial condition, and holds them responsible for damages sustained by stockholders and creditors by reason of their negligence, fraud or deceit. *Pender v. Speight,* 159 N. C., 616; *Townsend v. Williams,* 117 N. C., 330; *Solomon v. Bates,* 118 N. C., 315." *Hauser v. Tate,* 85 N. C., at p. 84-5; *Besselieu v. Brown,* 177 N. C., 65; *Braswell v. Morrow,* 195 N. C., 127.

The allegations in the present action deal with the liability of officers to third persons for torts. We are not dealing with "the question as to the right of creditors of the corporation to recover for torts of corporate officers where the injury is primarily to the corporation and it affects the creditors only as it affects all the creditors through the injury to the corporation to whom they look for payment of their debts." Fletcher, *supra,* at p. 3770.

In *Wall v. Howard,* 194 N. C., at p. 311, these observations are made: "Upon these pleadings only one question of law arises, and that is whether this case, upon the complaint as drawn, is governed by the principle announced in *Douglass v. Dawson,* 190 N. C., 458, or *Bane v. Powell,* 192 N. C., 387. When money is placed in a bank upon general deposit the relationship of debtor and creditor thereupon arises and the money passes from the depositor to the bank. *Corporation Commission v. Trust Co.,* 193 N. C., 696. As long as a bank is solvent, as defined by law, the officers and directors are authorized to receive deposits and permit the bank to receive them. In other words, in such case deposits are rightfully received. If such deposits, so made, are thereafter misapplied, lost or wasted through the negligence of the officers and directors, and as a result thereof the bank becomes insolvent, this is a wrong done the bank, and it or its receivers alone, nothing else appearing, can maintain the action for damages, and the principle of *Douglass v. Dawson* applies. But if the bank is insolvent at the time the deposit is made, then the officers and directors commit a wrong, under the law, in permitting the deposit to be made. In other words, the taking and receiving money from the depositor, thus swelling the assets of an insolvent bank, is a wrongful act done him personally and individually, for which wrong he alone can sue. In such event, the principle of *Bane v. Powell* applies." *Ham v. Norwood,* 196 N. C., 762.

In the present action, among other things, the charge is made that Sharpe, vice-president, director and general-manager, misapplied moneys

collected from or for plaintiffs and used same in the corporation business, and this was systematically done, through long years. This was known, or in the exercise of reasonable care ought to have been known, by the defendants, directors, that this was an actionable wrong to plaintiffs. A private corporation like the one in this controversy has no authority like a bank that takes depositors' money. The bank is allowed to take money on deposit and it is mingled with other depositors' money and passes to the bank and the relation of debtor and creditor is created. Ordinarily there is no "trust quality." *Corporation Commission v. Trust Co.*, 193 N. C., 696; *Corporation Commission v. Trust Co.*, 194 N. C., 125. The complaints allege causes of action against all the defendants as wrongdoers—joint *tort-feasors*—and as a proximate result causing a direct or peculiar loss to plaintiffs. The demurrers were properly overruled by the court below. For the reasons given, the judgment below is

Affirmed.