W. R. SHEPPARD, TRUSTEE, v. L. B. JACKSON; BLYTHE & SHEPPARD, TRUSTEES, v. L. B. JACKSON.

(Filed 23 April, 1930.)

1. **Parties A a—Trustee of express trust may sue without joinder of cestui que trust.**

   Under the provisions of C. S., 449, a trustee of an express trust may sue without joining the one for whose benefit the action is brought, this being an exception to C. S., 446, requiring actions to be brought by the real party in interest.

2. **Appeal and Error J b—Allowance of amendments to pleadings is within discretion of court and not reviewable on appeal.**

   In this case amendments to pleadings were allowed by the judge in the court below within his sound discretion, from which no appeal will lie to the Supreme Court.

APPEAL by defendant from *Schenck, J.,* and a jury, at August Special Term, 1929, of HENDERSON. No error.

These two actions were consolidated for the purpose of trial. The plaintiffs brought these actions to recover on two bonds under seal, given by defendant to plaintiffs, one dated 19 September, 1928, for $522.50, due at 90 days; and the other dated 2 November, 1928, for $476.43, due

at 90 days. Interest from date. It was admitted that defendant executed the two bonds sued on.

The defendant's answers are two-fold. He says, first, that the bonds are without consideration and therefore are void, and he says, second, that even if there was a legal consideration for them that he was induced to enter into the contract evidenced by the bonds, that is, signed the bonds and delivered, by reason of fraud perpetrated on him by these plaintiffs.

The issues submitted to the jury and their answers thereto were as follows:

"1. What amount, if any, is the plaintiff, W. R. Sheppard, trustee, entitled to recover of the defendant, L. B. Jackson? Answer: $522.50, plus interest.

2. What amount, if any, are plaintiffs, Blythe & Sheppard, trustees, entitled to recover of the defendant, L. B. Jackson? Answer: $476.43, plus interest."

The court below rendered judgment on the verdict. Defendant made numerous exceptions and assignments of error, and appealed to the Supreme Court.

*Shipman & Arledge for plaintiffs.*
*Joseph W. Little for defendant.*

PER CURIAM. The defendant, at the close of plaintiffs' evidence, and at the close of all the evidence, made motions for judgment as in case of nonsuit. C. S., 567. The court below overruled the motions, and in this we can see no error.

C. S., 446 is, in part, as follows: "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided," etc.

C. S., 449: "An executor or administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue without joining with him the person for whose benefit the action is prosecuted. A trustee of an express trust, within the meaning of this section, includes a person with whom, or in whose name, a contract is made for the benefit of another." *Martin v. Mask,* 158 N. C., 436. Plaintiffs are "trustees of an express trust."

The question as to amendment of pleadings is in the sound discretion of the court below. We note defendant's several questions which he contends are involved on this appeal, they do not present any new or novel propositions of law and cannot be sustained.

The issues of fact were determined by the jury under proper instructions by the court below. We find in law

No error.