GURNEY P. HOOD, COMMISSIONER OF BANKS OF NORTH CAROLINA, EX REL. COMMERCIAL BANK AND TRUST COMPANY, v. W. T. LOVE, J. WHITE WARE, W. H. WRAY, ROBERT GOLDBERG, J. O. PLONK, J. A. COSTNER, L. A. CROWELL, C. H. HOOVER, W. S. BRUICE, A. S. KARESH, W. W. GLENN, M. E. HERNDON, MRS. KATE FALLS, ADMINISTRATRIX OF O. G. FALLS, DECEASED; O. M. ROBINSON, C. D. STROUPE, W. J. T. STYERS, V. E. LONG, R. G. CHERRY, A. H. GUION, J. B. THOMASSON, H. C. HARRELSON, J. A. ABERNETHY, E. H. BYARS, JR., E. E. GROVES, LUCY B. CANSLER, EXECUTRIX OF ESTATE OF THOS. B. CANSLER, DECEASED; T. L. WARE, T. M. McCOY, M. L. PLONK, R. P. ROBERTS, AND F. H. DUNN.

(Filed 30 November, 1932.)

1. **Pleadings A a: D b—Complaint against directors of bank alleging general course of dealing and systematic neglect held not demurrable.**

    In an action brought by the Commissioner of Banks against directors of a bank for damages on account of negligent mismanagement, the complaint enumerating in detail negligent acts and omissions of the defendants and alleging that such acts and omissions constituted a general course of dealing and systematic policy of neglect, wrongdoing and mismanagement, in which all defendants participated, and that such negligence proximately caused great losses to the bank, is *held* not demurrable for misjoinder of parties and causes of action.

2. **Pleadings D e—Complaint is to be liberally construed upon demurrer.**

    In passing upon the sufficiency of a complaint upon demurrer the courts will construe it liberally with a view to substantial justice between the parties and will overrule the demurrer if any portion of the complaint presents facts sufficient to constitute a cause of action or such facts may be fairly gathered therefrom, the remedy being given the defendant in proper instances to apply for a bill of particulars, C. S., 534, or for an order that the pleadings be made more definite and certain by amendment. C. S., 537.

APPEAL by defendants from *Cowper, Special Judge,* at May Term, 1932, of GASTON. Affirmed.

O. F. Mason, Jr., and Tillett, Tillett & Kennedy for plaintiff.
E. T. Cansler, W. C. Feimster, A. C. Jones, Clyde R. Hoey, E. B. Denny, E. R. Warren, R. G. Cherry and A. L. Quickel for defendants.

CLARKSON, J. The question involved, in substance, is as follows: Where, in an action brought by the Commissioner of Banks against directors of a bank for damages on account of negligent mismanagement, the complaint enumerates in detail negligent acts and omissions of the defendants and alleges that such acts and omissions constituted a general course of dealing and systematic policy of neglect, wrongdoing and mismanagement, in which all defendants participated, and that such negligence proximately caused great losses to the bank, is the complaint demurrable? We think not.

The defendants contend that there is a misjoinder of causes and parties, we cannot so hold. We think the present action is similar to *Trust Co. v. Peirce,* 195 N. C., at p. 718, where we find the following: "The one circumstance which differentiates this case from those cited by the defendants, especially *Emerson v. Gaither,* 103 Md., 564, 7 Ann. Cas., 1114, most nearly in point and upon which great reliance is put, is the allegation of a general course of dealing and systematic policy of wrongdoing, concealment and mismanagement, virtually amounting to a conspiracy, in which the defendants are all charged with having participated at different times and in varying degrees. *Cotten v. Laurel Park Estates, post,* 848, 141 S. E., 339. A connected story is told and a complete picture is painted of a series of transactions, forming one general scheme, and tending to a single end. This saves the pleading from the challenge of the demurrers. *Cotton Mills v. Masline, ante,* 12; *Bedsole v. Monroe,* 40 N. C., 313; *Fisher v. Trust Co.,* 138 N. C., 224, 50 S. E., 659; *Oyster v. Mining Co.,* 140 N. C., 135, 52 S. E., 198; *Hawk v. Lumber Co.,* 145 N. C., 47, 58 S. E., 603; *Chemical Co. v. Floyd,* 158 N. C., 455, 74 S. E., 465."

Chapter 344, Public Laws 1931, "An act to amend the Code of Civil Procedure as to joinder of parties." It amends C. S., 455, "Who may be plaintiffs" and 456 "Who may be defendants," as follows: "All persons may be made defendants, jointly, severally, or in the alternative, who have, or claim, an interest in the controversy adverse to the plaintiff, or who are necessary parties to a complete determination or settlement of the questions involved. . . . If the plaintiff is in doubt as to the persons from whom he is entitled to redress, he may join two

or more defendants, to determine which is liable." This act liberalizes the joinder of both plaintiffs and defendants.

In the case of *S. v. Bank,* 193 N. C., at p. 527-8, citing numerous authorities, we find: "When a case is presented on demurrer we are required by the statute, C. S., 535, to construe the complaint liberally 'with a view to substantial justice between the parties' and in enforcing this provision, we have adopted the rule 'that if in any portion of it, or to any extent, it presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be fairly gathered from it, the pleading will stand however inartificially it may have been drawn, or however uncertain, defective and redundant may be its statements, for contrary to the common-law rule every reasonable intendment and presumption must be made in favor of the pleader,' " *Foy v. Stephens,* 168 N. C., 438; *S. v. Trust Co.,* 192 N. C., 246; *Enloe v. Ragle,* 195 N. C., 38; *Minnis v. Sharpe,* 198 N. C., 364, 202 N. C., 300, *ante,* 110. Amendment inserting name of Gurney P. Hood, Commissioner, etc., defendants contend was not valid. We cannot so hold.

We find in *Commissioner of Banks v. Carrier,* 202 N. C., at p. 851, the following: "We have held that actions such as this must be prosecuted in the individual name of the Commissioner of Banks and not under his official title. (Citing numerous authorities.) This is a defect which may be cured by amendment." C. S., 446, 513, 515, 547. *Goins v. Sargent,* 196 N. C., 478, C. S., 549.

The trial court has plenary power, without consent, to amend pleadings, so far as the amendment did not allege substantially a new cause of action. *Bridgeman v. Insurance Co.,* 197 N. C., 599. Allowing all amendments in pleadings is in the sound discretion of the court. *Sheppard v. Jackson,* 198 N. C., 627. The trial court can, in its discretion, amend pleadings before or after judgment to conform to facts proved. *Finch v. R. R.,* 195 N. C., 190.

The defendants, under C. S., 534, may apply to the court below for a bill of particulars, and under C. S., 537, apply to make the allegations of the pleadings definite and certain by amendment when not so. *Power Co. v. Elizabeth City,* 188 N. C., at p. 285-6.

In *Glass Co. v. Hotel Corp.,* 197 N. C., at p. 12, this Court says: "A demurrer goes to the heart of a pleading and challenges the right of the pleader to maintain his position in any view of the matter, admitting for the purpose, the truth of the allegations of fact contained therein."

We are only dealing now with a demurrer which admits for the purpose the allegations of fact, contained in the complaint. It may be by answer and on the trial of the action a different picture may be shown by the defendants.

The able argument of counsel in this Court for defendants was learned and persuasive, but not convincing, for our liberal practice has gone beyond the position taken by him. Yet the courts must be careful not to allow jungle pleadings whereby injustice may be done litigants. The judgment below overruling the demurrer must be

Affirmed.