CHARLES BAILEY, BY HIS NEXT FRIEND, E. D. BAILEY, v. TOM ROBERTS AND WIFE, ELIZABETH ROBERTS, AND ED ROBERTS.

(Filed 9 October, 1935.)

**1. Appeal and Error G c—Appellant held to have abandoned some of exceptions on appeal.**

Where defendant takes no exception to the portion of the judgment holding adversely to him on a point of law constituting one of his grounds for demurrer, and on appeal from the judgment overruling the demurrer, fails to discuss this aspect of the case in his brief or cite authorities, Rule 28, defendant will be deemed to have abandoned his contention in respect to this aspect of the case.

**2. Pleadings E c—**

The trial court has the discretionary power to allow plaintiff to amend his complaint, upon the hearing of defendants' demurrer thereto, so as to allege that the negligence complained of was the proximate cause of the injury. C. S., 547.

APPEAL by defendants from *Phillips, J.,* at July Term, 1935, of MITCHELL. Affirmed.

The defendants demurred to the complaint. The demurrer is as follows: "1st. For the reason that plaintiff has not legal capacity to sue. It appears upon the face of the complaint that the plaintiff is a minor under the age of 21 years, and his next friend, E. D. Bailey, is a non-resident of the State. It does not appear that any next friend or guardian has been appointed in Tennessee, the state of the residence of the plaintiff, and that no ancillary guardian or next friend has been appointed in this State. 2d. For the reason that the complaint does not state a cause of action, in that no particular negligence is alleged or

sufficiently described, and no allegation is made that such negligence is the proximate cause of any injury which the plaintiff alleges he received."

The court below made the following order: "After hearing the arguments of counsel for both plaintiff and defendants, upon the demurrer of the defendants, the court, upon its own motion, made the following order: Demurrer of the defendants heard and the court, upon the hearing, in its discretion, allowed the plaintiff to amend paragraph nine of the complaint so as to allege that the negligent acts complained of in the preceding paragraphs were the proximate cause of the injury."

The court below signed the following judgment: "This cause coming on to be heard before his Honor, F. D. Phillips, judge presiding at the July Term, 1935, of the Superior Court of Mitchell County, upon the demurrer filed to the complaint in this action, and after reading the pleadings and argument of the counsel, the court being of the opinion that E. D. Bailey has been properly appointed as the next friend, and as such is entitled to prosecute this cause on behalf of the infant, Charles Bailey; and the court being further of the opinion that the acts of negligence complained of are sufficiently set forth, but in its discretion permitting an amendment as shown by an order made in this cause: Now, therefore, it is ordered, adjudged, and decreed that the demurrer be and the same is hereby overruled, and the defendants allowed the statutory time within which to answer; that the plaintiff be allowed to amend his complaint by adding after the word 'negligence' in the first line of paragraph nine the words 'which negligence was the proximate cause of the injury.' F. Donald Phillips, Judge Presiding."

The defendants excepted and assigned errors and appealed to the Supreme Court, as follows: "1st. For that the court, in his discretion upon the hearing of the demurrer, allowed the plaintiff to amend paragraph nine of the complaint so as to allege that the negligent acts complained of in the preceding paragraph were the proximate cause of the injury. 2d. For that the court overruled the demurrer and signed the judgment of record."

*Alden P. Honeycutt and Watson & Fouts for plaintiff.*
*W. C. Berry and Charles Hutchins for defendants.*

CLARKSON, J. The first contention made by defendants in the demurrer is to the effect that the plaintiff has no legal capacity to sue. We think this position taken by defendants has been abandoned.

In the judgment of the court below is the following: "The court being of the opinion that E. D. Bailey has been properly appointed as the next friend and, as such, is entitled to prosecute this cause on behalf

of the infant, Charles Bailey." The defendants, as to this aspect, filed no exception and assignment of error, nor did they comply with Rule 28 (200 N. C., 831), which, in part, is as follows: "Exceptions in the record not set out in appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned by him."

The question involved: Did the court err in permitting the plaintiff to amend his complaint upon the hearing of the demurrer? We think not.

In *Hood, Comr., v. Love,* 203 N. C., 583 (585), it is said: "In the case of *S. v. Bank,* 193 N. C., at pp. 527-8, citing numerous authorities, we find: 'When a case is presented on demurrer we are required by the statute, C. S., 535, to construe the complaint liberally "with a view to substantial justice between the parties," and in enforcing this provision we have adopted the rule "that if in any portion of it, or to any extent, it presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be fairly gathered from it, the pleading will stand, however inartificially it may have been drawn, or however uncertain, defective, and redundant may be its statements. For, contrary to the common-law rule, every reasonable intendment and presumption must be made in favor of the pleader." ' " (Citing numerous authorities.) "The trial court has plenary power, without consent, to amend pleadings, so far as the amendment did not allege substantially a new cause of action. *Bridgeman v. Ins. Co.,* 197 N. C., 599. Allowing all amendments in pleadings is in the sound discretion of the court. *Sheppard v. Jackson,* 198 N. C., 627. The trial court can, in its discretion, amend pleadings before or after judgment to conform to facts proved. *Finch v. R. R.,* 195 N. C., 190." N. C. Code (Michie), 1935, sec. 547.

We do not discuss the allegations of the complaint, as the matter goes back for a trial on the merits. The allegations as to the liability as joint *tort-feasors* are sufficient in law. *Moses v. Morganton,* 192 N. C., 102; *Lineberger v. City of Gastonia,* 196 N. C., 445; *Glazener v. Transit Lines,* 196 N. C., 504. The allegations of fact in *Ballinger v. Thomas et al.,* 195 N. C., 517, are different and the case is distinguishable from the present one, but the law therein stated is the same as in the above cited cases. *Rountree v. Fountain,* 203 N. C., 381, and *White v. Charlotte,* 207 N. C., 721, are not in point.

For the reasons given, the judgment of the court below is

Affirmed.