REALTY WORLD PROFESSIONALS, INC., Plaintiff,
v.
THE TILLERY TRADITION, INC., Defendant/Third-Party Plaintiff,
v.
VERONICA D. McBROOM, Third-Party Defendant.
No. COA07-501
Court of Appeals of North Carolina.
Filed September 16, 2008
This case not for publication
Templeton & Raynor, P.A., by Kenneth R. Raynor, for plaintiff and third party defendant-appellee.
Knox Brotherton, Knox & Godfrey, by Lisa G. Godfrey, for defendant/third-party plaintiff-appellant.
GEER, Judge.
Defendant/third-party plaintiff, The Tillery Tradition, Inc. ("TTT"), appeals from the dismissal of its complaint against third-party defendant Veronica D. McBroom. Because the allegations of TTT's third-party complaint negate the element of damages necessary to a fraud cause of action, we hold the trial court properly granted McBroom's motion to dismiss under Rule 12(b)(6).

Facts
Plaintiff Realty World Professionals, Inc. is a North Carolina real estate brokerage firm owned and operated by Veronica McBroom. TTT is a North Carolina corporation that owns and developed a golf course community near Lake Tillery in Montgomery County, North Carolina. On 22 October 2002, Realty World and TTT entered into an Exclusive Right to Sell Listing Agreement for the sale of property located at 214 Tradition Drive located in The Tillery Tradition Country Club in Mt. Gilead, North Carolina.
The agreement provided that Realty World would receive 10% of the gross sales price of the property if the property was sold or an agreement to sell the property was entered into during the term of the agreement or any renewal or, under certain circumstances, within 120 days after expiration of the agreement. The agreement, however, also listed five potential purchasers of the property to whom the agreement would not apply. Although the agreement originally specified that it would expire on 30 October 2004, the parties, on 29 October 2004, executed an extension to 30 October 2005. The parties also amended the list of potential purchasers who were excepted from the terms of the agreement, removing some of the original potential purchasers and adding others. The list ultimately included 21 names.
At some point after the extension of the agreement, but prior to 24 May 2005, A. James Russell, president of TTT, contacted McBroom to inform her that he had inadvertently omitted Robert E. Gresham, Jr. and his wife, Carolyn J. Gresham from the list of potential purchasers not covered by the agreement. TTT alleges that McBroom represented to Mr. Russell that Realty World would not seek enforcement of the agreement if the lot was sold to the Greshams.
According to TTT, in reliance on McBroom's representation, TTT sold the property to the Greshams on 24 May 2005 and did not include in the sales price a commission for Realty World. When Realty World did not receive a commission from the sale, the company filed suit on 10 March 2006 against TTT for non-payment of the commission. TTT responded by filing a counterclaim against Realty World and a third-party complaint against McBroom.
In its third-party complaint, TTT asserted claims against McBroom for fraud, constructive fraud, and unfair and deceptive trade practices. McBroom filed a motion to dismiss the third-party complaint for failure to state a claim for relief pursuant to Rule 12(b)(6) of the Rules of Civil Procedure. In an order signed 15 February 2007, the trial court granted the motion to dismiss and denied TTT's request that the order be certified for interlocutory appeal under Rule 54(b). TTT filed a notice of appeal from this order on 21 February 2007.

Grounds for Appellate Review
Where, as here, an order does not dispose of the entire case or controversy, it is an interlocutory order and, as a general rule, may not be immediately appealed. Hudson-Cole Dev. Corp. v. Beemer, 132 N.C. App. 341, 344, 511 S.E.2d 309, 311 (1999). An interlocutory order may, however, be appealed (1) when the trial court has made the necessary certification under Rule 54(b), or (2) when the order deprives the appellant of a substantial right that would be jeopardized absent review prior to a final determination on the merits. Jeffreys v. Raleigh Oaks Joint Venture, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994).
TTT concedes that it has appealed from an interlocutory order, but contends that the appeal involves the necessary substantial right because of the potential for inconsistent verdicts. This Court has previously recognized:
when common fact issues overlap the claim appealed and any remaining claims, delaying the appeal until all claims have been adjudicated creates the possibility the appellant will undergo a second trial of the same fact issues if the appeal is eventually successful. This possibility in turn "creat[es] the possibility that a party will be prejudiced by different juries in separate trials rendering inconsistent verdicts on the same factual issue."
Davidson v. Knauff Ins. Agency, Inc., 93 N.C. App. 20, 25, 376 S.E.2d 488, 491 (quoting Green v. Duke Power Co., 305 N.C. 603, 608, 290 S.E.2d 593, 596 (1982)), disc. review denied, 324 N.C. 577, 381 S.E.2d 772 (1989). Consequently, "preventing separate trials of the same factual issues does constitute a substantial right." Hudson-Cole Dev. Corp., 132 N.C. App. at 344, 511 S.E.2d at 312.
This case presents the possibility of inconsistent verdicts since the third-party complaint is based on the same factual transaction as alleged in the underlying complaint. A review of TTT's answer and counterclaim reveals that TTT will be making the same arguments in defense of Realty World's claims for relief as have been asserted in the third-party complaint. Because of the risk of inconsistent verdicts should this case be tried in separate proceedings, we hold this appeal is properly before the Court.

Discussion
In deciding a motion to dismiss pursuant to Rule 12(b)(6), the trial court must determine "'whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory.'" Block v. County of Person, 141 N.C. App. 273, 277, 540 S.E.2d 415, 419 (2000) (quoting Harris v. NCNB, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987)). The court must construe the complaint liberally and "should not dismiss the complaint unless it appears beyond a doubt that the plaintiff could not prove any set of facts to support his claim which would entitle him to relief." Id. at 277-78, 540 S.E.2d at 419. Our Supreme Court has stressed: "While the concept of notice pleading is liberal in nature, a complaint must nonetheless state enough to give the substantive elements of a legally recognized claim or it may be dismissed under Rule 12(b)(6). Moreover, if a complaint pleads facts which serve to defeat the claim it should be dismissed." Raritan River Steel Co. v. Cherry, Bekaert & Holland, 322 N.C. 200, 205, 367 S.E.2d 609, 612 (1988) (internal citations omitted).
TTT's first cause of action asserts a claim of fraud based on McBroom's representation that neither she nor Realty World would seek a commission in connection with the sale of the property to Mr. Gresham. "The essential elements of actionable fraud are: (1) [f]alse representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party. Additionally, plaintiff's reliance on any misrepresentations must be reasonable." RD & J Props. v. Lauralea-Dilton Enters., LLC, 165 N.C. App. 737, 744, 600 S.E.2d 492, 498 (2004) (internal quotation marks and citations omitted).
There is no dispute that TTT's third-party complaint contains allegations as to each of the elements of fraud. McBroom, however, contends that TTT's claims are barred by res judicata or collateral estoppel. According to McBroom,"[d]octrine[s] of claims preclusion bar the Third Party Complaint simply because the outcome of the trial of the Plaintiff's claim for a commission on Lot 1032 will control the case." We disagree.
The doctrine of res judicata will bar a claim if there was "(1) a final judgment on the merits in an earlier suit, (2) an identity of the causes of action in both the earlier and the later suit, and (3) an identity of the parties or their privies in the two suits." Caswell Realty Assocs. I, L.P. v. Andrews Co., 128 N.C. App. 716, 720, 496 S.E.2d 607, 611 (1998) (emphasis added). In order to bar re-litigation of issues under the doctrine of collateral estoppel, the following elements must exist:
"(1) The issues to be concluded must be the same as those involved in the prior action; (2) in the prior action, the issues must have been raised and actually litigated; (3) the issues must have been material and relevant to the disposition of the prior action; and (4)the determination made of those issues in the prior action must have been necessary and essential to the resulting judgment."
Doyle v. Doyle, 176 N.C. App. 547, 549, 626 S.E.2d 845, 847-48 (2006) (emphasis added) (quoting King v. Grindstaff, 284 N.C. 348, 358, 200 S.E.2d 799, 806 (1973)).
Thus, for either res judicata or collateral estoppel to apply, there must have been a prior judgment or, at least, a final determination of the issue. Here, there has been no prior determination of any of the issues raised by TTT's third-party complaint. Accordingly, neither res judicata nor collateral estoppel applies to bar TTT's claims against McBroom.
McBroom also argues that TTT should not be allowed to sue her because she was acting as president of Realty World, and TTT did not assert a fraud counterclaim against Realty World. Indeed, TTT's complaint alleges that "[a]t all times relevant hereto, Third-party Defendant was acting as an officer and broker-in-charge for the Plaintiff." Our Supreme Court has already rejected such a contention in Wilson v. McLeod Oil Co., 327 N.C. 491, 518, 398 S.E.2d 586, 600 (1990), in which the defendant "argue[d] that he is not personally liable in this action because he was only acting in his capacity as corporate officer for [a company] which [was] not a party to [that] action." The Supreme Court held "[a] corporate officer can be held personally liable for torts in which he actively participates." Id. This is true "'regardless of whether the corporation is liable.'" Id. (quoting Minnis v. Sharpe, 198 N.C. 364, 367, 151 S.E. 735, 737 (1930)). As a result, "[t]he fact that [the company] is not in this action does not mean that [the individual defendant] cannot be sued in his individual capacity even though he was president of [the company] when the events leading to this action took place." Id. Thus, based on Wilson, TTT was entitled to sue McBroom for any torts in which she participated even while acting as president of Realty World.
Finally, McBroom argues that taking TTT's allegations as true, TTT cannot establish that any false representation by McBroom resulted in damages. We agree with this contention.
TTT has alleged that it entered into an exclusive listing agreement with Realty World, and an extension of that agreement included a list of potential buyers who were exempted from that agreement. TTT notified McBroom that it had omitted one potential buyer from that list who had asked to purchase a lot from TTT long before TTT ever contracted with Realty World. TTT alleges that McBroom stated that Realty World would not seek to enforce the exclusive listing agreement if the lot was sold to that buyer and that TTT, in reliance upon that representation, sold the property to the buyer without including a commission for Realty World in the sales price.
If we assume, as we are required to do, that all of these allegations are true, then TTT has established an oral modification to the exclusive listing agreement. It is well established in North Carolina that "[n]otwithstanding contract provisions to the contrary, . . . a written contract may be modified by a subsequent parol agreement, which may be either express or implied by the conduct of the parties." Yamaha Int'l Corp. v. Parks, 72 N.C. App. 625, 628, 325 S.E.2d 55, 57 (1985). See also Son-Shine Grading, Inc. v. ADC Constr. Co., 68 N.C. App. 417, 422, 315 S.E.2d 346, 349 ("It is well established under our law that: The provisions of a written contract may be modified or waived by a subsequent parol agreement, or by conduct which naturally and justly leads the other party to believe the provisions of the contract have been modified or waived, even though the instrument involved provides that only written modifications shall be binding."), disc. review denied, 312 N.C. 85, 321 S.E.2d 900 (1984).
For there to be an effective parol modification of a written contract, however, "all the requisites of a contract must be met," including "mutual assent to the modification, and consideration or a substitute supporting it." Altman v. Munns, 82 N.C. App. 102, 105, 345 S.E.2d 419, 422 (1986). As our Supreme Court has held, "an agreement to modify the terms of a contract must be based on new consideration or on evidence that one party intentionally induced the other party's detrimental reliance . . . ." Clifford v. River Bend Plantation, Inc., 312 N.C. 460, 466, 323 S.E.2d 23, 27 (1984) (internal quotation marks omitted).
TTT's allegations are sufficient to establish mutual assent to a modification of the exclusive listing agreement to add the Greshams to the list of exempted buyers. Further, TTT has alleged that it acted in detrimental reliance on McBroom's oral promise not to enforce the agreement with respect to a sale to the Greshams by failing to include a commission for Realty World in the salesprice. Finally, TTT alleges that McBroom was acting as an officer of Realty World at the time she made her representation. These allegations, taken as true, establish an oral modification of the exclusive listing agreement by Realty World and TTT to add the Greshams to the list of exempted buyers. If there was such an oral modification, then TTT would not owe Realty World a commission.
With respect to damages on its fraud claim, TTT states: "[T]he Third-party Complaint clearly states that, had [TTT] known that it could not rely upon McBroom's representation, it would have increased the sales price of the lot sold to the Greshams to allow for a realty commission." In other words, the sole damage alleged as resulting from the fraud is the commission.
In sum, if we assume all of the allegations in the third-party complaint are true, then TTT has established an oral modification of the contract such that Realty World is not entitled to a commission. If Realty World is not entitled to a commission, then TTT has suffered no damage as a result of any fraud by McBroom  one of the necessary elements to state a claim for fraud. Since the allegations of TTT's complaint "reveal[] the absence of fact sufficient to make a good claim, dismissal of the claim pursuant to Rule 12(b)(6) is properly granted." Oberlin Capital, L.P. v. Slavin, 147 N.C. App. 52, 57, 554 S.E.2d 840, 845 (2001) (internal quotation marks omitted).
TTT also asserted a claim of constructive fraud in its complaint, but failed to make an argument in its brief as to why this claim should not have been dismissed. "Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned." N.C.R. App. P. 28(b)(6) (emphasis added). Because TTT failed to make any argument or cite any authority in support of its claim of constructive fraud, this claim is deemed abandoned. See Goodson v. P.H. Glatfelter Co., 171 N.C. App. 596, 606, 615 S.E.2d 350, 358 ("It is not the duty of this Court to supplement an appellant's brief with legal authority or arguments not contained therein. This assignment of error is deemed abandoned . . . ."), disc. review denied, 360 N.C. 63, 623 S.E.2d 582 (2005).
Finally, TTT contends that the trial court erred in dismissing its claim for unfair and deceptive trade practices because the actual and constructive fraud committed by McBroom amounts to an unfair and deceptive act, and multiple acts were not required in order to maintain a claim. Because we have upheld the trial court's dismissal of the fraud and constructive fraud claims, we hold that the trial court did not err in dismissing the unfair and deceptive trade practices claim. Consequently, the order of the trial court is affirmed.
Affirmed.
Judges WYNN and STEELMAN concur.
Report per Rule 30(e).