Battle, J.
 

 Tire material allegations upon which the plaintiff founds his claim for relief, are, that he is the only legitimate child and heir-at-law of .Mourning Kent, late of Nash county; that three hr four years before her death, the defendant, who had married one of her illegitimate daughters, purchased and took an absolute deed, to himself, for a certain tract of land, lying in the said county, and called the Everett tract; but being unable to pay for it himself, he procured his mother-in-law to sell a negro girl, belonging to her, and applied a part of the proceeds as a payment for the land ; that before she consented to do so, she required him to execute to her an absolute deed for the same land ; and that some time before or after her death, he had got the said deed into his possession and had concealed or destroyed it, the same never having been registered, and that as to said land she had died intestate. The prayer is, that
 
 the deed,
 
 if in existence,
 
 may
 
 be produced and registered, or if lost or destroyed, that he may execute a new deed and surrender the land, and account for the rents and profits. There is also, the usual prayer for general relief. The defendant admits the purchase of the tract of land in question, and that he took an absolnte deed therefor, to himself, from the vendor; that the pnrehase-money was paid out of the proceeds of a negro girl belonging to the plaintiff’s mother, and that he executed an absolute deed to her for the same land; but lie insists that the deed was intended to stand as a security only until he could pay her the money, or perform such offices of kindness and attention to her as would, in her estimation, be a satisfaction for the land; that he had paid for her in discharge of debts, which she owed, about the sum of $130 in money, and had, by attending to her business, and otherwise, so satisfied her
 
 *71
 
 for the land, that he believes she had destroyed the deed which he executed to her; that at all events, she had repeatedly expressed herself satisfied; had disclaimed having any title to the land, and had spoken of it as his, the defendant’s land , and that he had never found among her papers, nor seen any where else after her death,-the deed in question. The answer denies that the plaintiif is the sole legitimate child and heir of his mother; on the contrary, it asserts that the wife of the defendant is also a legitimate child of the same mother. The plaintiif has filed a replication to the answer* and the cause comes on to be heard upon the pleadings and proofs.
 

 In examining and deciding upon the effect of the testimony, in relation to the destruction of the -deed from the defendant to his mother-in-law, it must be borne in mind that the burden of proof is upon him. He admits that it was once in existence, and alleges, in his defense, that she intentionally destroyed it for the purpose of preventing its being an incum-brance upon his title to the land. The
 
 onus
 
 of proof is also upon him to show that the deed was intended as a mere security for money, instead of being what it purported to be, an absolute conveyance of the title to her. In both respects he has entirely failed to sustain his case. Besides proof, not very clear, of her declaration, there is no evidence of facts
 
 dehors
 
 the deed, inconsistent with the idea of an absolute conveyance. It appears, from the testimony, that the defendant and his family lived with his mother-in-law upon another tract of land, which belonged to her, and there is no proof to show, that by his cultivation of it himself, or by receipt of rent from his tenants, he claimed the tract of land in dispute, adversely to her, during her life-time. The proof of the intentional destruction of the deed, by her, is equally defective. One witness only, Elizabeth Williams, says that she saw the old lady about three or four years before her death bum some papers, but of what kind they were, she does not say. This testimony, insufficient as it is, to prove the destruction of the deed, is rendered, if possible, still more valueless, by that of
 
 *72
 

 Peter
 
 Patman, who states that about a year before Mrs-. Kent’s death, he heard her say, that the right to the land was under the key, or keys, which she 'pulled 'out of her pocket-. The defendant has failed, again, in proving that he had paid any money for his mother-in-law, or had done any thing for her in the way of services and attention, amounting to satisfaction of her claim against him. He has not shown that he ■ever paid a single debt for her, nor that his wife ever did more for her, in kindness and attention, than was sufficient to repay her for permitting them to live with her, in hertown house, on her own land. In this state of the proofs, the plaintiff is entitled to have the deed in question produced, in order that it may be proved and registered, orto have another deed of the same import executed by the defendant.
 

 Upon another part of the case, we think the defendant has been more successful in his proofs. The weight of the testimony is so far in favor of the legitimacy of his wife, that we think she ought to be made a party to the cause, as she is, if legitimate, directly interested in the subject-matter of the suit. We will not dismiss the bill for this cause, but direct it to stand over for further directions, in order that the plaintiff may take the proper steps for making her a party;
 
 Hodges
 
 v. Hodges, 2 Dev. and Bat. Eq. 72;
 
 Watson
 
 v.
 
 Ogburn,
 
 Ibid. 353;
 
 Simpson
 
 v. King, 1 Ire. Eq. 14; Story’s Eq. PI. secs. 236, 541, 885. This, we think, may be done in this Court, under the recent enactment in the Rev. Code, ch. 33, sec. 17. We will, after such amendment, direct further enquiry as to the legitimacy of the defendant’s wife, with particular instructions to the commissioner to ascertain, as near as he can, in what year she was born, and at what time Mrs. Annie Lewis, wife of Wright Lewis, another daughter of Mrs. Kent, was born, and also to enquire and report such other facts and circumstances as either party may desire.
 

 Pee Cueiam. Decree accordingly.