ASHEVILLE SAFE DEPOSIT COMPANY, TRUSTEÉ, v. GURNEY P. HOOD,
COMMISSIONER OF BANKS OF THE STATE OF NORTH CAROLINA, AND
G. N. HENSON, LIQUIDATING AGENT FOR THE CENTRAL BANK AND
TRUST COMPANY.

(Filed 15 March, 1933.)

**Appeal and Error F a—Defendant held not entitled to raise question of
plaintiff's right to sue, no objection having been made in court
below.**

Where an action is instituted by a corporation on the theory that it
was a duly substituted trustee of an active trust, C. S., 446, 449, and the
plaintiff's right to sue is not raised in the lower court, and the lower
court finds as a fact under agreement of the parties that plaintiff was
duly substituted as trustee, the question of whether the plaintiff is the
real party in interest may not be raised by the defendant for the first
time in the Supreme Court.

(For digest on the question of preference in the distribution of an
insolvent bank's assets see *Flack v. Hood, Comr., ante,* 337.)

APPEAL by defendants from *Sink, J.,* at June Civil Term, 1932, of
BUNCOMBE. Affirmed.

The parties to this controversy, in the court below, agreed to waive
a jury trial and that the court should find the facts and render judg-
ment thereon. The findings of fact, in part, are as follows:

"The Continental Mortgage Company is a corporation duly created
and existing, and was formerly engaged in business in the city of Ashe-
ville, North Carolina, and formerly engaged in the business of making
loans secured by deeds of trust constituting liens on real estate in the
county of Buncombe and other counties in the State of North Carolina.

That in all the loans so made by said Continental Mortgage Company,
the Central Bank and Trust Company was designated as trustee in the
several deeds of trust securing said loans—that is to say, loans were
made to individuals by the Continental Mortgage Company and notes
were executed evidencing said loans, usually payable monthly, secured
by deeds of trust in which the said Central Bank and Trust Company
was named as trustee.

That the Continental Mortgage Company issued several series of
bonds, payable to bearer, and sold the same to the public, and pledged,
among other things, as collateral security to said bonds, the notes and
mortgages referred to in the preceding paragraph, and said notes and
mortgages were held in the trust department of the Central Bank and
Trust Company.

That, as set forth above, the notes and mortgages referred to con-
tained a provision for monthly payments by the borrowers, and also
contained a provision authorizing the trustee to hold these monthly

payments until a semiannual interest installment matured under the terms of said deed of trust, and pursuant to some arrangement between the said bank and Continental Mortgage Company, the makers of said notes made monthly payments direct to the Continental Mortgage Company, which company received said payments from time to time and deposited same to its own credit in the Central Bank and Trust Company, and then made monthly remittances to the trust department of the said Central Bank and Trust Company, giving one check to said bank for the aggregate amount of all collections made from the numerous individuals who had made payment during the preceding month, the said check being accepted by the trust department of the said Central Bank and Trust Company and deposited to the credit of 'trust department'; that with each monthly remittance thus made by the Continental Mortgage Company, an accompanying statement was furnished to the bank, showing the several individuals who had made payments, and the amount of such payments, which record and statement was filed with the trust department of the Central Bank and Trust Company, to the end that a proper record might be made of the collections so made by the Continental Mortgage Company and so remitted to said Central Bank and Trust Company, as trustee.

That upon receipt of payments from the Continental Mortgage Company in the manner set forth in the preceding paragraph, the Central Bank and Trust Company opened an individual account with each mortgagor who had thus made payments on his mortgage through the said Continental Mortgage Company, said payments being shown as a deposit on an individual ledger account under the name of the individual so making the payments, and that it was the practice of the bank, upon the maturity of the semiannual payments due by said mortgagor, to debit his account on the individual ledger and credit his individual note to the amount of the payments thus previously made.

That at the time of the failure of the Central Bank and Trust Company the aggregate amount to the credit on the individual ledger account of the several individuals who had made payments on their mortgages to the Continental Mortgage Company, and which company had in turn remitted to the bank, as hereinbefore set out, was ninety-eight thousand, nine hundred and nineteen dollars and ninety cents ($98,919.90); and that according to the books of said bank the said entire amount remained to the credit of the several individuals and had not been credited upon their notes and mortgages. . . .

Upon the foregoing findings of fact the court is of the opinion and so adjudges that the plaintiff is entitled to recover the sum of $98,919.90, with interest thereon from 19 November, 1930, and that the same is entitled to be adjudged as a preferred claim against the assets of the

Central Bank and Trust Company, in the hands of the defendants, and to be paid only in the event there is sufficient amount to pay all preferred claims, and, if there is not a sufficient amount, that then said claims shall pro rate equally with other preferred claims allowed by the court."

From the judgment rendered by the court below, defendants excepted, assigned error and appealed to the Supreme Court.

*Alfred S. Barnard for plaintiff.*
*Johnson, Smathers & Rollins for defendants.*

CLARKSON, J. Defendants contend that it is doubtful if the plaintiff in this cause is the real party in interest. C. S., 446, 449. *Sheppard v. Jackson,* 198 N. C., 627. Under C. S., 449, *supra,* "A trustee of an express trust"—"may sue without joining with him the person for whose benefit the action is prosecuted." The record discloses that "The plaintiffs and defendants having in open court waived a jury trial and agreed that the judge might hear the evidence, find the facts and render judgment thereon." The court below found: "That the said Central Bank and Trust Company having become, by reason of its insolvency, disqualified to act as trustee in the several deeds of trust executed to it for the benefit of the said Continental Mortgage Company and said Federal Mortgage Company, the plaintiff was in accordance with the terms and provisions of said deeds of trust duly substituted as trustee in all of said deeds of trust, and all of the amounts so collected by the Central Bank and Trust Company, as trustee under said deeds of trust on the notes and mortgages so delivered to it for collection, as aforesaid, should be paid to the plaintiff as such substituted trustee, to be applied by it in accordance with the terms and provisions of the agreement under which the said Central Bank and Trust Company collected the same."

This question as to plaintiff's right to sue was not raised in the court below. Conceding, but not deciding that the plaintiff was not the real party in interest or "a trustee of an express trust," we think that it is too late now to make this contention. The theory on which the case was tried was to the effect that plaintiff was the real party in interest and authorized to receive any recovery in this action and make proper application of the fund. If the question had been raised in the court below an amendment could have been allowed. This Court can allow an amendment as to parties. C. S., 1414. *Kent v. Bottoms,* 56 N. C., 69; *Hodge v. R. R.,* 108 N. C., 24.

From the facts found by the court below and the judgment thereon, the plaintiff, on behalf of the Continental Mortgage Company, is entitled to recover of defendants $98,919.90.

The case is governed by *Parker v. Trust Co.,* 202 N. C., 230, and *Flack v. Hood, Comr., ante,* 337.

The claims filed by plaintiff were on behalf of the *Continental Mortgage Company,* and the *Federal Mortgage Company.* The Federal Mortgage Company's claim of $188,428.10 was denied by the court below, as a preference and in this we see no error. The judgment of the court below is

Affirmed.